UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REDDIT, INC.,<br><br>                                    Plaintiff,<br><br>                    -v-<br><br>SERPAPI LLC, OXYLABS UAB, AWMPROXY, *and* PERPLEXITY AI, INC.,<br><br>                                    Defendants. | 25 Civ. 8736 (PAE)<br><br><u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

The Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*, was enacted in 1998 in response to the rise of the digital marketplace for copyrighted works. Congress sought to protect against mass piracy by making it unlawful to circumvent, or create products that circumvent, technological measures implemented to prevent unauthorized access to and infringement of such works. At the time, the emergent technologies visible to Congress included ones that could descramble cable programming or defeat copy protections on videocassettes, enabling users to access, reproduce, or distribute copyrighted works therein. In the decades since, with the explosion of cyber communications and commerce, technologies carrying copyrightable works in bulk have proliferated. Cable and videocassettes have been supplanted by blogs, social media, digital repositories, and streaming services. But the problem the DMCA aimed to address—the accessing and copying of protected content *en masse,* without the authority of the copyright owner, with the potential for further downstream infringements of copyright interests—remains real. The rise of artificial intelligence ("AI") has added a new dimension to this problem, as copyright-protected works have been widely used to populate— and train and source—AI companies' large language models.

This case concerns the alleged circumvention of copyright-protective technology in the age of AI. Reddit, Inc. ("Reddit"), the widely used online discussion forum, brings claims against four entities for circumventing technological protection measures ("TPMs") intended to prevent automated systems from accessing copyrighted content. Reddit alleges that this circumvention has enabled these entities to access and "scrape" (*i.e.*, copy) vast amounts of content authored by Reddit and its users. Its First Amended Complaint ("FAC"), Dkt. 55, brings claims under the DMCA for circumvention of access control measures, in violation of 17 U.S.C § 1201(a)(1)(A), and for offering circumvention products and services, in violation of 17 U.S.C § 1201(a)(2) and (b). Reddit also brings New York common law claims for unfair competition, unjust enrichment, and civil conspiracy.

Pending now are motions to dismiss, under Federal Rule of Civil Procedure 12(b)(6), by two defendants, SerpApi LLC and Perplexity AI, Inc. (individually, "SerpApi" and "Perplexity," and collectively, "defendants"). For the reasons that follow, the Court predominantly denies the motions to dismiss. The Court grants the motions to dismiss the section 1201(b) claim against SerpApi, and the unfair competition and unjust enrichment claims against both defendants. The Court otherwise denies the motions to dismiss.

## I.    Factual Background[1]

### A.    The Relevant Parties

Reddit is a Delaware corporation with its principal place of business in San Francisco, California. FAC ¶ 8. Its platform is an online discussion forum with more than 100 million unique users per day. *Id.* ¶ 44.

---

[1] The following facts are drawn primarily from the FAC. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint,

SerpApi is a Texas limited liability company with its principal place of business in Austin, Texas. *Id.* ¶ 9. It provides products and services that enable users to bypass technological measures that prevent large-scale access and web scraping. *Id.*

Perplexity is a Delaware corporation with its principal place of business in San Francisco, California. *Id.* ¶ 12. Its platform is an "answer engine" powered by AI. *Id.* Perplexity is a customer of SerpApi. *Id.* & n.4; Dkt. 1-1 ("SerpApi Website") at 9.

**B.    Reddit's Platform**

Founded in 2006, Reddit states that its mission is to "empower communities and provide human perspectives to everyone." *Id.* ¶¶ 8, 44. It seeks to achieve this mission by providing a forum for millions of users to engage in discussions across hundreds of thousands of internet-based communities known as "subreddits." *Id.* ¶ 2. Subreddits cover "virtually every topic imaginable," including current events, product reviews, sports, and entertainment. *Id.* ¶ 44. Most content on Reddit is created by its users, but tens of thousands of posts and comments are authored by Reddit itself. *Id.* ¶ 47.

Reddit's platform contains billions of posts and comments—"nearly two decades of human conversational data." *Id.* ¶ 44. This data is "invaluable to AI companies" in training large language models because it "constantly grows and regenerates as users come and interact with their communities and each other in genuine and authentic ways." *Id.* ¶ 45. Reddit accordingly has emerged as one of the most cited sources by AI models. *Id.* ¶ 2.

---

documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). For purposes of resolving the motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in the FAC as true, drawing all reasonable inferences in Reddit's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

C.    **Reddit's Policies**

Reddit's user agreement (the "user agreement") governs its relationship with its users. *Id.* ¶ 46; *User Agreement*, Reddit, https://redditinc.com/policies/user-agreement ("User Agreement"). Under it, users retain any ownership rights that they have in their content (*i.e.*, the text, graphics, photos, and videos they have posted), while granting an irrevocable, non-exclusive, and sublicensable license to Reddit to use, copy, modify, adapt, prepare derivative works of, distribute, store, perform, and display the content in any media formats and channels. FAC ¶ 46. That license includes the right for Reddit to make the content available for syndication, broadcast, distribution, or publication by other entities who partner with Reddit, and to use the content to train AI and machine learning models. *Id.*

The user agreement imposes various restrictions on users. Users cannot license, sell, transfer, assign, distribute, host, or otherwise commercially exploit Reddit user content to anyone else. *Id.* ¶ 48. Users may access Reddit's website, mobile apps, and other online products, but these are owned and operated by Reddit and protected by intellectual property laws, and all materials contained therein are the property of Reddit or its third-party licensors. *Id.* ¶ 49. Users cannot "access, search, or collect data" from these sources "by any means (automated or otherwise) except as permitted" in the user agreement. *Id.*

The user agreement incorporates by reference Reddit's privacy policy and public content policy (collectively, the "user agreement"). Both policies authorize Reddit to take measures to protect users' information and content. *Id.* ¶ 50. The privacy policy authorizes Reddit to take "measures to help protect information about you from loss, theft, misuse, and unauthorized access, disclosure, alteration, and destruction." *Id.*; *Privacy Policy*, Reddit, https://www.reddit.com/en-us/policies/privacy-policy ("Privacy Policy"). The public content

policy, in turn, states that users can "use Reddit content for non-commercial uses, such as learning and community," but must "talk to [Reddit] if [they] have commercial purposes in mind." FAC ¶ 48; *Public Content Policy*, Reddit, https://support.reddithelp.com/hc/en-us/articles/26410290525844-Public-Content-Policy ("Public Content Policy"). It states that Reddit enters licensing arrangements only with partners who "allow us to put into place meaningful protections"—including to enable users to know who is accessing public content, to restrict contractually the use of public content, and to prohibit data licensees from using or publishing content that has been deleted by users. FAC ¶ 51. That policy states: "Protecting Redditors in our data licensing arrangements is essential." *Id.*

Consistent with the user agreement, Reddit has entered partnership arrangements with various companies to license Reddit content. *Id.* ¶ 52. These agreements prohibit the partner companies from making Reddit data available to unauthorized third parties. *Id.* Most such agreements also prohibit using Reddit data for AI purposes. *Id.* Reddit has, however, entered into partnership agreements with certain AI companies, such as OpenAI, that agree to abide by Reddit's policies. *Id.* ¶¶ 3, 52. On February 22, 2024, Reddit and Google entered one such partnership. *Id.* ¶ 52.

### D.    Reddit's Anti-Scraping Measures

Reddit maintains systems designed to detect and protect against unauthorized access to its products and services by scrapers and bots.[2] *Id.* ¶ 54. If Reddit's systems detect unauthorized automated access, they issue challenges that must be bypassed before the content is provided. *Id.*

---

[2] Scraping is "an automated process for copying content from a website using web crawlers or 'bots.'" FAC ¶ 53 n.27.

Reddit employs techniques such as registered user-identification limits, captcha bot protection, and anomaly detection tools. *Id.*

Reddit communicates its anti-scraping policy in various ways. The user agreement prohibits scraping Reddit's platform "without Reddit's prior written consent." *Id.* Reddit's robots exclusion protocol file ("robots.txt") notifies scrapers that it prohibits unapproved web crawlers from accessing any part of Reddit's website. *Id.*

For authorized third parties with whom Reddit has licensing agreements, Reddit has implemented a data application programming interface (the "data API") that allows them to access Reddit data in bulk, subject to restrictions. *Id.* ¶ 60. Third parties must agree to use the data API in accordance with Reddit's terms, and to use the bulk data only for development, deployment, and distribution in their applications. *Id.* Reddit prohibits using content for any other unapproved purpose, such as AI training, unless the third party has entered a separate agreement with Reddit to do so. *Id.*

### E.    Google SERPs and SearchGuard

Reddit data is accessible via Google, as a result of an agreement between Google and Reddit giving Google "programmatic access . . . to Reddit's content for use in Google's products and services." *Id.* ¶ 52. When a user submits a query, Google's search engine returns pages of links, ads, snippets, images, and summaries—known as search engine results pages ("SERPs"). *Id.* ¶¶ 5, 55. Depending on the query, Google's SERPs may display Reddit content, in the form of snippets from posts and comments by Reddit and its users. *Id.* ¶ 55. For example, a Google search for "classic movies" returns, among other results, a snippet of a Reddit post on that subject. *Id.* ¶ 67. These snippets tend to be brief (based on the pleadings, they do not appear to exceed a few sentences), and to be excerpted from a single post or comment, which is often the

post or comment that Reddit "has decided to display most prominently" on its forum. *Id.* ¶¶ 69–72.

Google's terms of service prohibit unauthorized automated access to its SERPs. *Id.* ¶ 55. Since January 2025, Google has employed a TPM called SearchGuard, which is designed to prevent automated systems from accessing and obtaining wholesale search results and indexed data. *Id.* ¶ 56; *Google LLC v. SerpApi, LLC*, No. 25 Civ. 10826, slip op. at 3 (N.D. Cal. July 20, 2026) ("*Google* Decision").[3]  SearchGuard examines each incoming search query to determine whether it is coming from a recognized or an unrecognized source. FAC ¶ 58.  If the source is unrecognized, SearchGuard sends a JavaScript "challenge" or CAPTCHA (which cannot be solved in the ordinary course by automated systems) to validate that the query came from a real human user, instead of an automated software. *Id.* ¶¶ 57–58.  If the user solves the challenge, Google permits access to the search results. *Id.* ¶ 58.  This process blocks automated access without disrupting the experience for human users, whose browsers run the JavaScript code and send back the required information "seamlessly." *Id.*

Google does not have an agreement with defendants that would permit them to bypass Google's TPMs. *Id.* ¶ 61.  On December 19, 2025, Google sued SerpApi—in a separate action filed in the Northern District of California—for circumventing SearchGuard. *Id.* ¶ 62.  Google alleged there that "SerpApi, on billions of separate occasions, circumvented SearchGuard in order to gain access to Google Search results and the copyrighted content they contain." *Google*

---

[3] The FAC incorporated by reference, FAC ¶ 62, the complaint in *Google LLC*, where Google alleges SerpApi's circumvention of SearchGuard and brings claims under two of the DMCA provisions at issue here. *See Google LLC v. SerpApi, LLC*, No. 25 Civ. 10826, Dkt. 1 (N.D. Cal. July 20, 2026) ("*Google* Complaint").  On July 21, 2026, Reddit filed the Northern District of California's decision dismissing Google's claims without prejudice on the docket of this case as supplemental authority. Dkt. 90-1.  The Court accordingly considers the complaint and decision from that case.

*LLC v. SerpApi, LLC*, No. 25 Civ. 10826, Dkt. 1 ¶ 38 (N.D. Cal. July 20, 2026) ("*Google*

Complaint"). As more fully discussed *infra*, on July 20, 2026, the *Google* Decision granted

SerpApi's motion to dismiss Google's claims, for reasons particular to the pleadings in that case.

### F.    SerpApi's Data Scraping Tool

SerpApi's tool circumvents SearchGuard to access and collect Reddit data from Google

SERPs. FAC ¶ 64. It allows SerpApi's customers to customize the parameters of such

circumvention, including by choosing and inputting operational data that determine "when, how,

and at what scale" the circumvention will occur. *Id.* ¶ 65. Customers can set parameters such as

geographic location, language settings, advanced filtering, and "other operational inputs." *Id.*

SerpApi's interface is a Google Search API. *Id.* As pictured below, when customers

search "reddit public data policy," or "classic movies," the API reproduces the corresponding

SERPs and the machine-readable format of the same results. *Id.* ¶¶ 66–67, 71. That format—

which extracts fields such as titles, links, and snippet texts from the SERPs—enables users to

access Reddit content as structured data that identifies elements of the content. *Id.* ¶ 71.





*Id.* ¶¶ 66–67.

SerpApi advertises these scraping capabilities on its website. *Id.* ¶ 66. It states that customers "don't need to care" about TPMs, such as block scrapers, CAPTCHA, or bots detection. *Id.* ¶¶ 81–82. "[T]o avoid being detected and blocked by Google," it states, "SerpApi uses a proxy and the latest technologies to mimic human behavior." *Id.* ¶ 81 (emphasis omitted); *see also id.* ¶ 82 (chief executive officer, describing tool as "creating fake browsers using a multitude of IP addresses that Google sees as normal users"). SerpApi tells users how to scrape data without being blocked, and how to extract additional text to obtain from Google SERPs full snippets, instead of the truncated texts that are typically displayed. *Id.* ¶¶ 73–76.

SerpApi markets its tool as providing a method for scraping Google web searches "at scale," with the capacity to run more than 100,000 searches per hour. *Id.* ¶ 81. Its website states that AI companies can use the tool to help train large language models and power AI chatbots. *Id.* ¶ 83.

### G.     Perplexity's Use of SerpApi's Data Scraping Tool

SerpApi's website lists Perplexity as one of its customers.  *Id.* ¶¶ 6, 12 n.4; SerpApi Website at 9.  Perplexity is an answer engine powered by data from "top tier sources."  FAC ¶ 87.  Perplexity allegedly uses SerpApi's tool to access Google SERPs and extract content such as Reddit posts.  *Id.* ¶¶ 89–90.  Perplexity is not "simply receiving data from SerpApi," but "conducting the actual queries itself."  *Id.* ¶ 100.  Perplexity then places that data into a retrieval-augmented generation database and utilizes it in responding to user queries.  *Id.* ¶ 89.

The FAC provides several illustrations of this process at work.  As pictured below, if a user asks Perplexity where to see jazz in New York City, the answer engine's response is partially extracted from Reddit posts on those topics.  *Id.* ¶ 91.

*Id.*

In May 2024, Reddit sent a cease-and-desist letter to Perplexity, demanding that it stop accessing and using Reddit data unless it entered a licensing agreement expressly authorizing it to do so.  *Id.* ¶ 93.  Reddit also demanded that Perplexity stop using Reddit content for

commercial purposes, regardless of the means by which Perplexity obtained such content. *Id.* Perplexity responded that it was not using Reddit content to train any AI models and that it would not scrape Reddit content. *Id.* Thereafter, Perplexity's citations to Reddit allegedly increased 40-fold. *Id.* ¶ 94. In August 2025, in a post on its website, Perplexity stated that Reddit has "emerged as the most cited domain across AI models globally," based on an analysis of ChatGPT, Google AI Overviews, and Perplexity citations. *Id.* ¶ 88.

Reddit alleges that Perplexity or its agents have entered into contracts and are working with one or more of SerpApi, Oxylabs UAB, and AWMProxy to circumvent SearchGuard and other TPMs. *Id.* ¶ 95. To confirm this hypothesis, Reddit alleges, it created a test post that contained an uncommon hexadecimal string, which was served to Google and withheld from other search engines. *Id.* ¶ 96. Reddit found that, within hours, a query to Perplexity's answer engine for the uncommon hexadecimal string produced the contents of that test post. *Id.* Reddit alleges that the "only way" Perplexity could have obtained the post is if it and/or its co-defendants circumvented SearchGuard to scrape Google SERPs. *Id.*[4]

### H.    Alleged Harms to Reddit

Reddit alleges that it has been harmed by defendants' conduct in various ways. First, Reddit alleges it has suffered reputational harm, insofar as unauthorized access to Reddit content undermines Reddit's promise to users to safeguard their content, including by protecting their anonymity and not publicly displaying posts that users have deleted. *Id.* ¶¶ 104–08. Second, Reddit alleges lost profits from defendants not entering licensing agreements to use Reddit

---

[4] A footnote in the FAC states that Reddit has "identified evidence suggesting that one of the [d]efendants may also be scraping Reddit data directly from its servers." FAC ¶ 63 n.31; *see also id.* ¶ 5 n.2. Because the FAC does not develop this vague allegation, the Court does not consider it.

content, and loss of commercial opportunities because defendants' conduct will discourage entities from abiding by existing licensing agreements or entering new ones. *Id.* ¶ 109. Third, Reddit alleges harm to its property based on unauthorized access to its structured data. *Id.* ¶¶ 110–11. Fourth, Reddit alleges it has been forced to invest "significant resources" in anti-scraping and security measures to prevent unauthorized scraping and use of Reddit data. *Id.* ¶ 112.

## II.     Procedural History

On October 22, 2025, Reddit commenced this action. Dkt. 1 ("Complaint"). On January 2, 2026, SerpApi and Perplexity moved to dismiss the Complaint. Dkts. 45, 49. On February 6, 2026, Reddit filed the FAC. Dkt. 55.

On March 13, 2026, SerpApi and Perplexity each moved to dismiss the FAC, making arguments under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkts. 58 ("SerpApi Mot."), 61 ("Perplexity Mot."). On April 17, 2026, Reddit opposed both motions. Dkt. 68 ("Opp'n"). On May 8, 2026, SerpApi and Perplexity replied. Dkts. 73 ("Perplexity Reply"), 74 ("SerpApi Reply"). On July 23, 2026, the Court held argument on the motions. *See* Dkt. 101 ("Tr.").

## III.    Whether Reddit Has Article III Standing

In its motion under Rule 12(b)(1), SerpApi argues that Reddit lacks standing to bring its claims and that the Court therefore lacks subject matter jurisdiction. *See* SerpApi Mot. at 4–7. The Court denies that motion, finding that, for each claim pled and form of relief sought, the FAC has alleged at least one cognizable injury attributable to defendants' conduct.[5]

---

[5] The FAC alleges multiple injuries. *See* FAC ¶¶ 101–13. Because the Court finds various cognizable injuries sufficient to support standing, it need not and does not address alternative theories of standing. *See New York v. U.S. Dep't of Lab.*, 477 F. Supp. 3d 1, 9 (S.D.N.Y. 2020).

A.    **Governing Legal Framework**

Article III of the Constitution limits the federal judicial power to the resolution of "cases" and "controversies." U.S. Const. art. III., § 2. "An 'essential and unchanging part' of this limitation is that a plaintiff have standing to sue." *Brown v. Nat'l Football League, Inc.*, 825 F. Supp. 3d 265, 272 (S.D.N.Y. 2026) (Engelmayer, J.) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Article III standing thus "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

The "irreducible constitutional minimum" of standing is that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan*, 504 U.S. at 560–61). A plaintiff must "demonstrate standing for each claim and form of relief sought." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (quoting *Baur v. Veneman*, 352 F.3d 625, 642 n.15 (2d Cir. 2003)).

Defendants here contest the injury-in-fact requirement. Article III requires that a plaintiff's injury be "concrete"—*i.e.*, "real, and not abstract." *Spokeo*, 578 U.S. at 340 (cleaned up). In assessing whether an injury is real and not abstract, "history and tradition offer a meaningful guide." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 274 (2008)). "[C]ourts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.* (quoting *Spokeo*, 578 U.S. at 341). A plaintiff must identify "a close historical or common-law analogue for their asserted injury," but such need not be an "exact duplicate." *Id.* Certain harms "readily qualify as

13

concrete." *Id.* "The most obvious" of these "are traditional tangible harms, such as physical harms and monetary harms." *Id.* at 425. Intangible harms, such as reputational harm, can also be concrete where they have a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.*

Congress's views may be "instructive" in determining whether a harm is sufficiently concrete to satisfy the injury-in-fact requirement. *Id.* (quoting *Spokeo*, 578 U.S. at 341). But although courts must "afford due respect to Congress's decision . . . to grant a plaintiff a cause of action to sue," *id.*, a plaintiff does not "automatically satisf[y] the injury-in fact requirement whenever a statute grants a person a statutory right," *Spokeo*, 578 U.S. at 426. There is an "important difference" between a "plaintiff's statutory cause of action" and "a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *TransUnion*, 594 U.S. at 426–27. An "injury in law is not an injury in fact." *Id.* at 427.

### B.    Standing to Seek Injunctive Relief

To guard against future violations of the DMCA, Reddit seeks an injunction enjoining defendants from: accessing or using Reddit's or Google's websites and data for unlawful scraping purposes; developing or distributing any technology or product used for the unauthorized circumvention of TPMs and scraping Reddit data; and using, selling, or offering Reddit data previously obtained through circumvention of TPMs. FAC at 57–58.

### 1.    Injury in Fact

A plaintiff seeking injunctive relief must establish a "real or immediate threat of injury"—*i.e.*, that the plaintiff "is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v.*

*Lyons*, 461 U.S. 95, 111 (1983)).  The Court finds that the FAC's allegations satisfy this standard with respect to copyrighted content authored by both Reddit and its users.

> a.    *Reddit-Authored Content*

Reddit claims that its copyright interests in content it has authored have been, and continue to be, violated by the circumvention of SearchGuard, which enables defendants to access and scrape snippets of those works from Google SERPs.  FAC ¶ 47.[6]  Reddit argues that this injury has a "close historical analogue in copyright" and thus is sufficiently concrete to satisfy Article III.  Opp'n at 5–6.

Copyright infringement is "a harm 'traditionally recognized as providing a basis for lawsuits in American Courts.'"  *N.Y. Times Co. v. Microsoft Corp.*, 777 F. Supp. 3d 283, 312 (S.D.N.Y. 2025) (quoting *TransUnion*, 594 U.S. at 424–25).  Copyright claims "predate the

---

[6] Reddit separately argues that it enjoys a copyright interest in the arrangement—the sequencing—of user-created content presented on Reddit, and that defendants' circumvention has infringed this interest.  Opp'n at 6.  To this effect, the FAC alleges that, when snippets of Reddit user posts appear in Google SERPs, "the snippets shown often correspond to comments that Reddit has made prominent within a post." *See* FAC ¶¶ 69–70 (alleging defendants access "not only the content itself, but also Reddit's arrangement of Reddit data").

It is correct that a person who compiles works authored by others "may enjoy a copyright in the selection if 'some minimal level' of creativity has been exercised in the selection process." *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 83 (2d Cir. 2004) (quoting *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991)).  And liability for infringement of a compilation can occur, provided that the defendant "substantially reproduced plaintiff's selection and arrangement." 1 Nimmer on Copyright § 3.04.  Such, however, has not been pled here.  The Court assumes *arguendo* that Reddit's sequencing of user posts bespeaks the required "minimal level of creativity" to support copyright protection.  But as pled, Google's SERPs, given their brevity, tend to present a snippet of a single user post on a given thread.  That the post displayed by Google—and allegedly scraped by defendants—corresponds to one that Reddit has decided to highlight does not make that snippet a substantial reproduction of Reddit's selection and arrangement. *See Key Publ'ns Inc. v. Chinatown Today Pub. Enters., Inc.*, 945 F.2d 509, 515 (2d Cir. 1991) (no infringement of directory where 17% of listings were copied from original and no category "containing more than a few entries is duplicated in total").  The Court therefore does rely on this asserted copyright interest in the ensuing analysis.

Constitution's ratification." *The Intercept Media, Inc. v. OpenAI, Inc.*, 767 F. Supp. 3d 18, 26 (S.D.N.Y. 2025) (citing The Federalist No. 43 (James Madison) ("The copyright of authors has been solemnly adjudged, in Great Britain, to be a right of common law.")). Copyright claims are "grounded in notions of 'property rights'"—*i.e.*, "an author's property right in his original work of authorship." *Id.* at 27–28 (quoting Oren Bracha, *The Ideology of Authorship Revisited: Authors, Markets, and Liberal Values in Early American Copyright*, 118 Yale L.J. 186, 199 (2008)).

The FAC plausibly alleges an injury "similar to the harm traditionally actionable in copyright." *Id.* at 27. The FAC alleges that the content posted to Reddit includes "tens of thousands of posts, comments, and other original works authored by Reddit itself." FAC ¶ 47. It alleges that these posts were among those which defendants accessed and scraped, without authorization, by circumventing SearchGuard. *Id.* ¶ 66. For example, the FAC alleges, a search of SerpApi's API for "Reddit public data policy" returns "a list of snippets directly from Reddit, which SerpApi scraped from Google's SERPs." *Id.* That conduct resembles the unauthorized copying and reproduction that copyright has centrally historically guarded against. *See Perris v. Hexamer*, 99 U.S. 674, 675–76 (1878) ("A copyright gives the author or the publisher the exclusive right of multiplying copies of what he has written or printed.").[7]

---

[7] A section 1201 claim, of course, differs from a traditional copyright claim, in that the conduct it targets is not the "unauthorized reproduction and distribution of protected works," *N.Y. Times Co.*, 777 F. Supp. 3d at 312, but the use of legally prohibited techniques to enable the unauthorized accessing, in bulk, of copyrighted content. But the standing inquiry does not require an exact replica of common-law claims. It inquires "'whether plaintiffs have identified a close historical or common-law analogue for their *asserted injury*,' not the asserted cause of action." *Id.* (emphasis in original) (quoting *Kadrey v. Meta Platforms, Inc.*, 2025 WL 744032, at *1 (N.D. Cal. Mar. 7, 2025)). "For both DMCA and traditional copyright infringement claims, the harm involves an injury to 'an author's property right in his original work of authorship.'" *Id.* (quoting *The Intercept Media*, 767 F. Supp. 3d at 28).

SerpApi's counterargument is unavailing. SerpApi argues that "Reddit has not alleged (and cannot allege) any concrete, particularized injuries stemming from SerpApi's alleged scraping of Reddit-authored content." SerpApi Reply at 3. The premise of that argument, that Reddit must concretely allege commercial harm from the infringement of its copyright-protected material, is wrong.[8] To have standing to bring a claim for copyright infringement, a plaintiff need not allege that its work has commercial value. And at trial, although a plaintiff may pursue actual damages from copyright infringement, those who are unable or choose not to do so may pursue statutory (or nominal) damages. *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) ("the Copyright Act allows plaintiffs to sue for 'statutory damages' in lieu of 'actual damages and profits'" (citing 17 U.S.C. § 504(c))). Accordingly, where a copyright holder alleges infringement of rights in his or her work, courts, to find standing, have not required an allegation of additional harm. *See, e.g., Gray v. Paramount Glob.*, No. 25 Civ. 3484, 2025 WL 3003298, at *2 (S.D.N.Y. Oct. 27, 2025) (injury was exploitation of plaintiff's copyrighted material, which removed "a stick from [plaintiff's] bundle of property rights" (cleaned up)); *The Intercept Media*, 767 F. Supp. 3d at 28 (finding injury in fact based on harm "in the form of defendants' alleged interference with [plaintiff's] property right"); *Kadrey v. Meta Platforms, Inc.*, No. 23 Civ. 3417, 2025 WL 744032, at *1 (N.D. Cal. Mar. 7, 2025) ("Copyright infringement is obviously a concrete injury sufficient for standing.").

Accordingly, Reddit has plausibly alleged an injury in fact based on defendants' circumvention and scraping of Reddit's own copyrighted works. *See, e.g., The Intercept Media,*

---

[8] SerpApi's factual assumption underlying this argument is also open to debate. SerpApi contended at argument that Reddit-authored content lacks "commercial utility" such that the scraping of such content could not be found to cause Reddit monetary loss. Tr. at 17. Whether that is necessarily so presents a factual issue that is premature to resolve without discovery.

767 F. Supp. 3d at 27 (plaintiff had standing to bring DMCA claim, because "injury under the DMCA is similar to the harm traditionally actionable in copyright"); *N.Y. Times Co.*, 777 F. Supp. 3d at 312 (same, because "[b]oth traditional copyright and DMCA claims are grounded in notions of property rights, and both claims are designed to 'promote the Progress of Science and useful Arts'" (citing U.S. Const. art. I, § 8, cl. 8)); *see also Kadrey*, 2025 WL 744032, at *1 (similar).

That injury is adequate to support Reddit's standing to seek injunctive relief. And the threat of its recurrence absent injunctive relief is well pled. The FAC's allegations depict defendants as engaged in an ongoing scheme of circumventing SearchGuard to access and scrape Reddit's data. It alleges that, after Reddit sent Perplexity a cease-and-desist letter in May 2024, Perplexity's citations to Reddit increased 40-fold. FAC ¶ 94. It alleges that, on an unspecified date thereafter, Reddit created a test post (that it authored) that was reproduced by Perplexity's answer engine "[w]ithin hours" of its being posted on Reddit. *Id.* ¶ 96. It alleges that, in July 2025, SerpApi accessed more than one billion Google SERPs containing Reddit data within a two-week period. *Id.* ¶ 85. It alleges that, in August 2025, Perplexity noted that Reddit was "the most cited domain across AI models globally," based on an analysis of citations by Perplexity and two other AI companies. *Id.* ¶ 88. And it alleges that defendants continue to profit from the use of Reddit's data. *Id.* ¶ 7.

These allegations support the existence of a substantial threat of continued accessing and scraping of Reddit's copyrighted works. *Cf. Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 195 (S.D.N.Y. 2016) (Engelmayer, J.) ("significant threat of future copyright infringements" where defendants continued to permit public performance of works, disregarded communications from plaintiff, and "to date, have not entered into a license"); *Entral Grp. Int'l,*

*LLC v. 7 Day Cafe & Bar Inc.*, No. 5 Civ. 1911, 2006 WL 8439052, at *13 (E.D.N.Y. Sept. 29, 2006) ("there is a substantial threat of future infringement, particularly given defendants' continued violations following the cease and desist letter"), *report and recommendation adopted in relevant part*, No. 5 Civ. 1911, 2006 WL 8439053 (E.D.N.Y. Nov. 17, 2006).  Because Reddit has shown a "likelihood that [it] will be injured in the future," it has standing to seek injunctive relief for infringement of its copyright in its own works.  *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (cleaned up).

> b.      *User-Authored Content*

Reddit separately claims injury to itself from defendants' circumvention of SearchGuard to access and scrape content authored by Reddit's users.  These activities, it claims, undermine the protections for users' content that its policies tout to users and would-be users.  FAC ¶ 102.  These prohibit unauthorized access to Reddit data by third parties, and provide that Reddit enters licensing agreements with third parties only where these contain "meaningful protections," such as restricting prohibited use of public content.  *Id.* ¶ 51.  Reddit argues that defendants' conduct has compromised Reddit's ability to comply with these policies, harming Reddit's reputation as a trusted forum for open discussion.  Opp'n at 3, 7.

Reputational harms, "as a general matter, are classic Article III injuries."  *Bost v. Illinois State Bd. of Elections*, 607 U.S. 71, 78 (2026); *see also Gully v. Nat'l Credit Union Admin. Bd.*, 341 F.3d 155, 161 (2d Cir. 2003) ("The Supreme Court has long recognized that an injury to reputation will satisfy the injury element of standing.").  SerpApi does not dispute this truism.  But, it argues, Reddit has alleged nothing "beyond conclusory assertions that its public reputation has been harmed."  SerpApi Mot. at 5 (cleaned up).

19

The FAC's allegations of reputational harm are adequate to support Article III standing. These focus on Reddit's deletion feature, which Reddit touts to users and which the FAC terms "material to Reddit's business model." FAC ¶ 105. Reddit allows users to delete content using a self-service tool or to request that Reddit delete their content. *Id.* ¶ 104. Once deleted, a post will no longer publicly appear on Reddit. *Id.* To guard against exploitation of deleted posts, Reddit states, it requires its licensed partners, like Google, to "stop using deleted posts" and gives them "dedicated tools" to assist in implanting this obligation. *Id.* However, the FAC alleges, when third parties access Reddit content by circumventing TPMs, these "privacy and content protections are stripped away." *Id.* And, the FAC alleges, "[t]his concern is not speculative." *Id.* ¶ 105. In a single month, "millions of posts" are deleted from Reddit by users, and Reddit thereafter identifies these deletions to its partners to enable removal from their platforms. *Id.* Users delete content for various reasons, including to protect their identities or because they no longer wish to have a post publicly available. *Id.* ¶ 107 (quoting posts by users explaining why they delete their comments). The deletion feature, the FAC alleges, thus "enables candid participation" in discussions on topics such as "mental health, fertility, addiction, trauma, personal relationships, and other sensitive subjects." *Id.* ¶ 106. But, it alleges, when deleted content is not honored but lives on through unlawful scraping and reproduction, such undermines Reddit's reputation as a trusted "steward of its users' communities, discussions, and authentic human discourse." *Id.* ¶¶ 7, 102.[9]

---

[9] SerpApi notes, Tr. at 10, that Reddit's Public Content Policy cautions users that it "cannot guarantee that third parties [(*i.e.*, non-licensees)] have deleted copies of Reddit content they've made without you or our permission." But that disclosed possibility does not make it implausible that users expect, based on Reddit's representations, that Reddit will use its best efforts to safeguard their content—efforts compromised by the alleged bulk circumvention.

These allegations of harm to the reputation of a corporate custodian of users' posts are entirely plausible. And the FAC's claims of reputational harm are well more specific than in cases in which courts have found inadequately pled claims of reputational injury. *See, e.g., Nat. Res. Def. Council, Inc. v. Wheeler*, 367 F. Supp. 3d 219, 231 (S.D.N.Y. 2019) (no standing where plaintiffs reaffirmed "in conclusory terms their belief that the Directive harms their reputation," and did "not allege with *any* additional specificity what sort of actual, tangible harm to their reputations they have suffered or will suffer" (emphasis in original)); *Network Apps, LLC v. AT&T Mobility LLC*, No. 21 Civ. 718, 2025 WL 1115284, at *14 (S.D.N.Y. Apr. 15, 2025) (no reputational harm based on "mere allegations" that defendant was "claiming credit" for plaintiffs' work and depriving them of recognition was "insufficient to constitute the requisite concrete and particularized reputational interest"), *reconsideration denied*, 2024 WL 706966 (S.D.N.Y. Feb. 20, 2024).[10]

To be sure, as SerpApi notes, the FAC does not identify any particular user who to date has "stopped using Reddit because of SerpApi's activities." SerpApi Mot. at 5 (cleaned up). But evidence of past injury is not necessary to show the likelihood of future injury required for injunctive relief. *See E. Coast Advanced Plastic Surgery, LLC v. Cigna Health & Life Ins. Co.*, No. 25 Civ. 1686 (PAE), 2025 WL 2371537, at *16 n.9 (S.D.N.Y. Aug. 14, 2025) ("past injury does not supply a predicate for likelihood of future injury"). And, "at the pleading stage,

---

[10] SerpApi cites two district court decisions rejecting standing based on reputational harm, *see* SerpApi Mot. at 5, but these are inapposite. In each, the court held, the allegedly harmful information had not been disclosed, preventing a finding of past or future injury. *See Miller v. James*, 751 F. Supp. 3d 21, 32 (N.D.N.Y. 2024) ("[p]laintiffs rely on a press conference in which neither [p]laintiff was mentioned by name"); *Braver v. Diversified Adjustment Serv., Inc.*, No. 22 Civ. 9390, 2023 WL 8435825, at *4 (S.D.N.Y. Dec. 5, 2023) ("[p]laintiff fails to identify *how* or to *whom* Defendant allegedly disseminated his negative credit report" (emphasis in original)). Here, in contrast, the FAC plausibly alleges that, after defendants accessed and scraped users' deleted posts, they were used in Perplexity's answer engine. *See, e.g.*, FAC ¶¶ 104, 108.

'general factual allegations of injury resulting from the defendant's conduct may suffice.'" *Do No Harm v. Pfizer Inc.*, 126 F.4th 109, 114 (2d Cir. 2025) (quoting *Lujan*, 504 U.S. at 561).

Accordingly, the Court finds the FAC has plausibly alleged a "real or immediate threat," *Lyons*, 461 U.S. at 111, to Reddit's reputation based on ongoing accessing and scraping of users' content in contravention of Reddit's policies. *Cf. ACORN v. United States*, 618 F.3d 125, 134 (2d Cir. 2010) (plaintiff had standing to seek injunction where challenged action "affects the plaintiffs' reputation").

### 2.      Causation & Redressability

The remaining standing requirements are satisfied as to both injuries supporting the claims for injunctive relief.[11]  Reddit has plausibly alleged causation: by accessing and scraping Reddit data using prohibited means, defendants infringe Reddit's copyright in its own works and undermine Reddit's protections for user content.  It has also plausibly alleged that a favorable decision would redress its injuries because injunctive relief would halt the infringement of Reddit's copyright and prevent defendants from accessing and scraping users' deleted content. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185–86 (2000) ("a sanction that effectively abates [illegal] conduct and prevents its recurrence provides a form of redress"); *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 103 (2d Cir. 2011) ("ongoing violation of [plaintiff's] statutorily-created rights . . . would likely be redressed by prospective injunctive relief").  Accordingly, the Court finds, Reddit has standing to seek injunctive relief.

---

[11] Although these points are undisputed, the Court "has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

C.     **Standing to Seek Damages**

The FAC seeks damages "for all injuries suffered as a result of [d]efendants' unlawful acts," including actual, statutory, and/or compensatory damages and disgorgement of defendants' profits. FAC at 58–59; *Nicosia*, 834 F.3d at 239 (past injuries may support standing for money damages).

1.     **Injury in Fact**

The FAC alleges that Reddit has suffered economic harm in the form of lost profits. FAC ¶ 109. Reddit contends that, by enabling Perplexity to access and scrape Reddit's data, SerpApi's tool has eliminated the need for Perplexity to enter a licensing agreement with Reddit, as other AI companies have done to gain access to Reddit's content in bulk. Opp'n at 8–9.

Contrary to SerpApi's depiction of Reddit's lost profits injury as "pure conjecture," SerpApi Mot. at 6, that injury is plausibly pled. The FAC alleges that Reddit's dataset is a treasure trove for AI companies, from whom access to it is in demand. FAC ¶ 2. Reddit's dataset is "one of the largest repositories of human conversation in existence" and supplies a resource that allows AI companies to train their large language models on human-generated content. *Id.* ¶¶ 2, 42–45. The FAC alleges, in fact, that AI companies such as Google and OpenAI have entered licensing agreements with Reddit that permit them to access Reddit data, subject, however, to restrictions imposed by Reddit. *Id.* ¶ 3. It alleges that Perplexity, in contrast, has not entered such an agreement, because Perplexity's arrangement with SerpApi has enabled Perplexity to use Reddit data to feed its answer engine and to respond to user queries. *Id.* ¶¶ 6, 88–89, 99. The FAC further alleges that Perplexity's access to Reddit data is important to Perplexity's business model—so much so that Perplexity's citations to Reddit increased 40-fold after Reddit sent a cease-and-desist letter in August 2024. *Id.* ¶ 94; *see also id.* ¶ 88

23

(Perplexity blog post noting that Reddit "has emerged as the most cited domain across AI models," including Perplexity).  These allegations plausibly support that, but for SerpApi's enabling circumvention of SearchGuard, Perplexity, to access Reddit's data, would have—as have its competitors Google and OpenAI—entered into a licensing agreement with Reddit under which it would have paid Reddit.  The absence of such revenue is a classic Article III injury.  *See Am. Immigr. Visa Kits, Inc. v. Chavez-DeRemer*, No. 24 Civ. 7627 (PAE), 2025 WL 2207448, at *6 (S.D.N.Y. Aug. 4, 2025) ("[L]ost revenue is a quintessential cognizable harm.").

SerpApi argues that Reddit has not shown that the fruits of its scraping tool are a match—a "comparative commercial substitute"—for the data Perplexity would have obtained under a licensing agreement with Reddit.  Tr. at 9.  It notes that, whereas Google SERPs display snippets of Reddit content, a licensing agreement would presumably have given Perplexity access to complete Reddit posts and the demographic data associated with them.  *Id.* at 6–7.  That argument is not a basis to find a lack of standing. SerpApi's tool need not be a perfect substitute for a Reddit license for that tool to have obviated Perplexity's business incentive to seek out such a license.  It is enough for Reddit to plead that, because of the unlawful use of that tool, Perplexity was disincentivized from entering into a licensing agreement that it otherwise would have pursued.  As pled, the snippets made available to Perplexity via SerpApi allowed Perplexity to access portions of Reddit posts and to feed these to its AI engine, thus obtaining much of the benefit of a licensing agreement.

Because Reddit has plausibly pled a past economic injury, it has standing to seek monetary damages.  *See, e.g.*, *N.Y. Times Co.*, 777 F. Supp. 3d at 313 (standing where defendants' removal of copyright management information allegedly "deprive[d] plaintiffs of licensing and subscription revenue"); *Breuninger v. Williams*, No. 20 Civ. 7033, 2022 WL

24

438400, at *5 n.4 (S.D.N.Y. Sept. 22, 2022) (allegation that plaintiffs "lost a contract worth $2,000,000,000 sufficiently satisfies the traditional standing requirements").

### 2.    Causation & Redressability

Reddit has plausibly pled the remaining standing requirements with respect to its claims for damages.  It plausibly alleges that Reddit's lost profits were attributable to defendants' conduct, insofar as SerpApi created a tool that enabled access to Reddit content, and Perplexity used that tool in lieu of entering into a licensing agreement.  As to redressability, damages would compensate Reddit for the monetary benefit from a licensing agreement that it was denied.  *See, e.g., Uzuegbunam v. Preczewski*, 592 U.S. 279, 293 (2021) ("nominal damages provide the necessary redress for a completed violation of a legal right"); *Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 47 (2d Cir. 2023) (en banc) (compensatory damages "are definitionally 'intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct'" (quoting *Cooper Indus., Inc. v. Leatherman Tool Grp.*, 532 U.S. 424, 432 (2001))).

## VI.    Whether the DMCA Authorizes Reddit to Sue

### A.    Governing Legal Framework

To bring a claim under a federal statute, a plaintiff must "fall[] within the class of plaintiffs whom Congress has authorized to sue." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014).  In assessing whether a plaintiff "has a cause of action under the statute," the Court must "determine the meaning of the congressionally enacted provision creating a cause of action" using "traditional principles of statutory interpretation." *Id.* at 128.[12]  The Court "presume[s] that a statutory cause of action extends only to plaintiffs whose

---

[12] The parties refer to this inquiry as "statutory standing." *See* SerpApi Mot. at 7; Opp'n at 11. Although it was formerly so called, the Second Circuit today "avoid[s] this appellation" because it is "misleading," since "the absence of a valid cause of action does not implicate subject-matter

interests 'fall within the zone of interests protected by the law invoked.'" *Id.* at 129 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

**B.      Analysis**

As with any question of statutory interpretation, the Court "begin[s] with the words of the text." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 345 (2d Cir. 2003). Salient here, section 1203 states: "Any person injured by a violation of section 1201 or 1202 may bring a civil action in an appropriate United States district court for such violation." 17 U.S.C. § 1203(a). The plain meaning of "any person injured" is that anyone—not just copyright holders—can bring a DMCA claim if their injury falls within the ambit of the statute. *See Post Univ. Inc. v. Learneo, Inc.*, No. 21 Civ. 1242, 2025 WL 2702043, at *5 (D. Conn. Sept. 23, 2025) ("[l]imiting actions to *only* the copyright owner finds no footing in the unambiguous text of the DMCA" (emphasis in original)). That is supported by comparison to the Copyright Act, which authorizes only "[t]he legal or beneficial owner of an exclusive right under a copyright . . . to institute an action for any infringement of that particular right." 17 U.S.C. § 501(b). The DMCA does not contain such a limitation.[13]

---

jurisdiction." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (cleaned up) (quoting *Lexmark*, 572 U.S. at 128 n.4).

[13] SerpApi argues that the anti-circumvention provisions "reflect a narrow zone of interests: protecting the *copyright owner's* rights." SerpApi Mot. at 8 (emphasis in original). SerpApi points to section 1201(a)(3)(A), which defines circumvention as bypassing or avoiding a TPM "without the authority of the copyright owner." *Id.* at 8–9. But that copyright owners are the intended beneficiaries of the statute does not mean that only they can bring claims thereunder. *See Bank v. GoHealth, LLC*, No. 19 Civ. 5459, 2021 WL 1884671, at *10 (E.D.N.Y. May 11, 2021) ("The zone of interest test does not require a specific congressional purpose that benefits the plaintiff asserting standing." (citing *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987))), *aff'd*, 2022 WL 1132503 (2d Cir. Apr. 18, 2022). SerpApi appears to recognize as much in acknowledging that creators of TPMs can bring anti-circumvention claims. *See* SerpApi Mot. at 10–11. If TPM creators, as guardians of digital content, have standing to bring a

The DMCA's broad language ("any person injured") is a variant of "any person adversely affected" or "any person adversely affected or aggrieved"—terms of art that the Supreme Court has interpreted "broadly, as covering anyone even '*arguably* within the zone of interests to be protected or regulated by the statute . . . in question.'" *Food & Drug Admin. v. R. J. Reynolds Vapor Co.*, 606 U.S. 226, 232–33 (2025) ("*R.J. Reynolds*") (emphasis in original) (quoting *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 153 (1970)); *see also Bank of Am. Corp. v. City of Miami*, 581 U.S. 189, 197 (2017) (statute permitting "any aggrieved person to bring a housing-discrimination lawsuit" had been interpreted to "define standing as broadly as is permitted by Article III of the Constitution" (cleaned up)); *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173, 178 (2011) (statute permitting suit by "a person claiming to be aggrieved" conferred cause of action to "any plaintiff with an interest arguably sought to be protected" (cleaned up)).[14]  Accordingly, consistent with those cases, this Court considers whether Reddit's interests "are not 'so marginally related to or inconsistent with the purposes implicit in the [DMCA] that it cannot reasonably be assumed that Congress intended to permit the suit.'" *R.J. Reynolds*, 606 U.S. at 236 (quoting *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987)).

The DMCA was "enacted in 1998 to strengthen copyright protection in the digital age." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001).  Congress understood

---

section 1201 claim, then it logically follows that Reddit—which protects copyright owners' rights in their digital works—has standing, too.

[14] This broad formulation of the zone-of-interests test originated in decisions interpreting the Administrative Procedure Act ("APA"), but the Supreme Court has clarified that it applies to other federal statutes that confer causes of action in similarly broad terms. *See R.J. Reynolds*, 606 U.S. at 235 ("the term 'adversely affected' carries the same meaning outside the APA as in it").

that "the law must adapt in order to make digital networks safe places to disseminate and exploit copyrighted materials." S. Rep. 105-190, at 2 (1998). Because of "the ease with which pirates could copy and distribute a copyrightable work in digital form," *Corley*, 273 F.3d at 435, Congress feared that "copyright owners will hesitate to make their works readily available on the Internet without reasonable assurance that they will be protected against massive piracy," S. Rep. 105-190, at 8. Congress enacted the anti-circumvention measures at issue here to combat copyright piracy "in its earlier stages, before the work was even copied," *Corley*, 273 F.3d at 435, to make copyrighted works "available quickly and conveniently via the Internet," S. Rep. 105-190, at 8.

The Court must assess whether Reddit's claimed injuries are "arguably" within the zone of these interests. *Bank of America Corp.*, 581 U.S. at 197 (emphasis omitted) (quoting *Camp*, 397 U.S. at 153). Reddit alleges that it has been, or will be, harmed by defendants' provision and use of circumvention technologies, which, *inter alia*, (1) facilitate bulk infringement of Reddit's copyright in its own authored works; (2) harm Reddit's reputation by undermining its protections for users' content; and (3) deprive Reddit of the profits from a licensing agreement with Perplexity. SerpApi does not dispute that Reddit's interests as a copyright holder are within the zone of interests of the statute. *See* SerpApi Mot. at 9 ("only copyright owners are definitively within the DMCA's zone of interests"). But, SerpApi argues, as to Reddit's injuries that relate to user-created content (*i.e.*, lost profits and reputational harm), Reddit lacks a cause of action. *Id.* at 10–12.

The Court finds these injuries within the zone of interests that the DMCA protects. As alleged, Reddit provides a platform for more than 100 million unique users every day to contribute posts and comments to hundreds of thousands of "subreddits" related to "virtually

28

every topic imaginable, from current events to product reviews to sports and entertainment." FAC ¶¶ 2, 44. Reddit thus epitomizes the "global digital on-line marketplace for copyrighted works" that the DMCA sought to promote. S. Rep. 105-190, at 8. The FAC alleges that the success of this digital discussion forum depends on users' willingness to contribute, which, in turn, depends (at least in part) on the protections that Reddit provides, such as the ability of users to delete their posts and know how their content is being used. *See* FAC ¶ 104–07 ("in a single month, millions of posts are deleted from Reddit by the users who posted them"). It further alleges that licensing agreements are the method Reddit uses to guarantee such safeguards, allowing access to Reddit data "so long as the third party agrees to specific restrictions." *Id.* ¶¶ 52, 60. Although many of these alleged restrictions relate to users' privacy, rather than copyright protections, those interests are closely related. For example, by honoring users' deletions and requiring its partners like Google to do the same, Reddit seeks to ensure that the only posts that are reproduced and distributed are those that users have authorized. It thereby protects copyright holders' ability to control the dissemination of their works. *See Universal City Studios, Inc. v. Reimerdes*, 82 F. Supp. 2d 211, 221 (S.D.N.Y. 2000) (Congress sought to facilitate development of digital works by "making digital networks safe places to disseminate and exploit copyrighted materials" (cleaned up)).

The FAC's allegations thus support that, in the absence of licensing agreements, Reddit cannot fully protect user content, *see id.* ¶ 104, with the likely result being that users will "hesitate to make their works readily available" on Reddit, S. Rep. 105-190, at 7. That is a harm the DMCA sought to prevent. Accordingly, Reddit's injuries are within the zone of interests of the DMCA's anti-circumvention provisions. *See, e.g., Echostar Satellite, L.L.C. v. Viewtech, Inc.*, 543 F. Supp. 2d 1201, 1206 (S.D. Cal. 2008) (plaintiff that "contracted and purchased the

29

distribution rights of the programming" could bring section 1201 claim). Although Reddit's interests with respect to user content are not the precise ones that Congress had in mind in enacting the statute, courts have found the zone-of-interests test satisfied where the plaintiff's injuries are closely related to the statute's animating concern. *See, e.g., Bank of America Corp.*, 581 U.S. at 200–01 (city's lost tax revenue from banks' discriminatory lending practices was within zone of interests of Fair Housing Act, which prohibits discriminatory housing practices); *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 62–63 (2d Cir. 2020) (states' lost revenue from non-citizens' disenrollment from public benefits was within zone of interests of public charge statute); *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 131–32 (2d Cir. 2020) (attorneys' inability to visit clients was within zone of interests of regulations governing attorney-client visits, which were arguably intended to benefit inmates, because attorneys could be "expected to police the interests that the statute protects" (citation omitted)).

SerpApi argues that, insofar as Reddit's claims are based on defendants' accessing and scraping content created by Reddit's users, "no court has extended Section 1203 standing to a putative plaintiff with interests as attenuated as Reddit's." SerpApi Reply at 4; *see also* SerpApi Mot. at 10–12 (noting that users do not give Reddit a contractual right to pursue copyright infringement claims on their behalf and that Google, not Reddit, is the creator of SearchGuard). SerpApi is correct that most section 1201 anti-circumvention claims have been brought by copyright holders and creators of TPMs—groups courts have found within the zone of interests of the DMCA. *See, e.g., CSC Holdings, Inc. v. Greenleaf Elecs., Inc.*, 2000 WL 715601, at *6 (N.D. Ill. June 2, 2000) (plaintiff had "proprietary rights in technological measures it uses to effectively control access to works"); *CoxCom, Inc. v. Chaffee*, 2006 WL 1793184, at *10 (D.R.I. June 26, 2006) (plaintiff was "the entity which controls access to copyrighted material"

through its descrambling technology); *Comcast of Ill. X, LLC. v. Hightech Elecs., Inc.*, 2004 WL 1718522, at \*6 (N.D. Ill. July 29, 2004) (same); *Sheldon v. Plot Com.*, No. 15 Civ. 5885, 2016 WL 5107072, at \*10 (E.D.N.Y. Aug. 26, 2016) (plaintiff claimed to be "copyright owner of the Photograph"), *report and recommendation adopted*, No. 15 Civ. 5885, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). But it does not follow that those groups alone are within the statute's zone of interests. The case law is to the contrary. *See, e.g., Post Univ. Inc.*, 2025 WL 2702043, at \*5 (plaintiff had cause of action under section 1201 of DMCA, including as to "documents it does not own"); *D&J Optical, Inc. v. Wallace*, 2015 WL 1474146, at \*6 (M.D. Ala. Mar. 31, 2015) ("courts have generally held that ownership of a copyright is not necessarily a requirement to bring suit under sections 1201 and 1203"). Such a limitation would be inconsistent with section 1203's expansive grant of litigation authority ("[a]ny person injured . . . may bring a civil action . . . for such violation") and the DMCA's multi-faceted approach to protecting copyright and promoting digital access. *See Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 172 n.2 (2d Cir. 2020) (purpose of DMCA is to provide "broad protections to copyright owners"); *Google* Decision at 7 ("broad language [of DMCA] indicates that the set of people or entities who can sue under the statute is defined by whether they suffered an injury arising out of a violation of the DMCA, and not by whether they are owners or exclusive licensees of copyrighted material").

SerpApi is also wrong that "courts in the Second Circuit have held that only copyright owners are definitively within the DMCA's zone of interests." SerpApi Mot. at 9. The two cases it cites were reports and recommendations, one of which was not adopted because the case settled. And the statements there on which SerpApi seizes were dicta. *See Sheldon*, 2016 WL 5107072, at \*2 (because plaintiff was alleged to be copyright owner, unnecessary to consider whether non-owners have right of action under DMCA), *report and recommendation*

31

*adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Sanborn Libr. LLC v. ERIS Info. Inc.*, No. 19 Civ. 2049, 2024 WL 1744630, at \*20 (S.D.N.Y. Mar. 25, 2024) ("unnecessary" to consider whether plaintiff has standing until copyright ownership issue is "settled one way or the other"). These decisions do not undermine the conclusion that Reddit is authorized to bring this suit.[15]

Accordingly, the Court finds that the alleged injuries suffered by Reddit—both as a copyright holder and a protector of users' content—are within the zone of interests of section 1201. *See, e.g., Post Univ. Inc.*, 2025 WL 2702043, at \*5; *Echostar Satellite, L.L.C.*, 543 F. Supp. 2d at 1205–06.

## V.    Failure to State a Claim

### A.    Governing Legal Framework

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where

---

[15] SerpApi argues that *VidAngel LLC v. ClearPlay, Inc.*, 703 F. Supp. 3d 1329 (D. Utah 2023) "definitively foreclosed standing under the DMCA" for a plaintiff akin to Reddit. SerpApi Mot. at 11. But that case does not resemble this. There, the injury asserted was "based only on competitive disadvantage"—both parties were filtered streaming providers (they offered products designed to remove objectional content), and the plaintiff claimed that the defendant's unlawful streaming of filtered content, in violation of section 1201, caused plaintiff's customers to switch to defendant's service. *VidAngel LLC*, 703 F. Supp. 3d at 1334. The plaintiff's interests—in maintaining its own place in a competitive market—were thus divorced from the DMCA's aims of strengthening copyright protection and making copyrighted works digitally accessible. Here, in contrast, this case's capacity to vindicate core DMCA interests is clear: defendants' alleged accessing and scraping of Reddit data, without Reddit's authorization in a licensing agreement, undermines Reddit's ability to safeguard user content.

"the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. For the purpose of resolving a motion to dismiss, the Court must assume all well-pled facts to be true, drawing all reasonable inferences in favor of the plaintiff. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B.    DMCA Claims

The FAC brings a claim against both defendants under section 1201(a)(1)(A) of the DMCA. It brings claims under sections 1201(a)(2) and 1201(b) against SerpApi. The Court considers these claims in turn.

### 1.    Section 1201(a)(1)(A)

Section 1201(a)(1)(A) of the DMCA states: "No person shall circumvent a technological measure that effectively controls access to a work protected under this title." To plausibly plead a violation of section 1201(a)(1)(A), a complaint thus must allege that (1) a work protected under the Copyright Act (2) was protected by a technological measure that effectively controls access (an "access control measure"), and (3) the access control measure was circumvented.

#### a.    *Work Protected Under This Title*

The DMCA prohibits circumvention of a measure that controls access to "a work protected under this title"—*i.e.* the Copyright Act. 17 U.S.C. § 1201(a)(1)(A). The Copyright Act, for its part, protects "original works of authorship fixed in any tangible medium of expression," including literary works. *Id.* § 102(a). It does not protect "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in

33

which it is described, explained, illustrated, or embodied in such work." *Id.* § 102(b). To be original, a work "must be independently created by the author and possess 'at least some minimal degree of creativity.'" *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)). "The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Feist*, 499 U.S. at 345 (citation omitted).

The relevant question is whether the snippets of Reddit posts, which SerpApi and its customers (like Perplexity) are alleged to access and scrape from Google's SERPs, qualify for Copyright Act protection, not whether the full posts on Reddit themselves are copyrightable. The Court finds the FAC plausibly pleads that at least some of these snippets are protected. The FAC alleges that Reddit serves as a digital discussion forum where millions of users contribute "a continuous stream of real-time and creative copyrighted works." FAC ¶ 2. It alleges that snippets of these works frequently appear in Google SERPs, which are then accessed and scraped by defendants. *Id.* ¶ 85. In one two-week period in July 2025, the FAC alleges, SerpApi accessed more than one billion Google SERPs containing Reddit data. *Id.* And, it alleges, SerpApi's tool has the capacity to retrieve more than the truncated text that appears in SERPs, enabling extraction of "the full, untruncated text" behind each webpage. *Id.* ¶¶ 73–76.

The FAC's allegations support that Reddit content often consists of creative contributions from users, and that substantial portions of such content—as much as several sentences—can be accessed and scraped from Google SERPs. It plausibly alleges that at least some snippets from the sea of SERPs scraped by defendants possess the minimal level of creativity that the Copyright Act requires. *See, e.g., Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 971 (N.D.

Cal. 2013) (complaint plausibly alleged that posts on Craigslist, which include "a title, description and other relevant details about whatever the user placing the ad may be offering or seeking," were "sufficiently original" (citation omitted)).[16]

SerpApi argues that, of the examples of snippets provided in the FAC, "[n]one is copyrightable as a matter of law." SerpApi Mot. at 17. But at least one of these—an excerpt of a Reddit post recommending jazz clubs in New York City—could plausibly be entitled to copyright protection, even if its individual words or phrases are not copyrightable.[17] *See Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987) ("The 'ordinary' phrase may enjoy no protection as such, but its use in a sequence of expressive words does not cause the entire passage to lose protection."), *opinion supplemented on denial of reh'g*, 818 F.2d 252 (2d Cir. 1987). In any event, putting aside these examples, the FAC plausibly pleads that among the millions of snippets in Google SERPs that defendants have scraped is copyrightable material. The alternative conclusion is implausible. The FAC "has pleaded sufficient facts to satisfy the 'modest' requirements of originality." *Trackman, Inc. v. GSP Golf AB*, No. 23 Civ. 598, 2024 WL 4276497, at *6 (S.D.N.Y. Sept. 24, 2024) (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1321 (2d Cir. 1989)); *see, e.g., Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.*, No. 4 Civ. 2110,

---

[16] SerpApi argues that a snippet by definition cannot be copyrighted due to its length. SerpApi Mot. at 16 (citing *Moody v. Morris*, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009), *aff'd*, 407 F. App'x 434 (Fed. Cir. 2011)). It is true that "words and short phrases" generally are not protected by copyright, but that rule applies to phrases along the lines of one to four words, such as "names, titles, and slogans." 1 Nimmer on Copyright § 2.01 (2017) (cleaned up). As alleged and demonstrated in the FAC, the snippets of Reddit content that appear in Google's SERPs often consist of much more. *See* FAC ¶¶ 66–68, 70.

[17] That snippet states, in response to the post "Which Jazz Club in NYC?": "Village Vanguard. 100% the most legendary club in NYC[,] with many classic albums recorded in that room. Birdland, the Blue Note, Smalls etc[.] are fine, but the Vanguard is hallowed ground. Make sure to listen to . . . ." FAC ¶ 91.

2004 WL 1399187, at *2 (S.D.N.Y. June 23, 2004) (allegation that plaintiff "created an original design" was adequate to "withstand a motion to dismiss"); *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp. 2d 312, 320–21 (E.D.N.Y. 2010) (allegations as to artistic choices made by photographer, which "may be sufficient to provide plaintiff's images with the requisite originality," were "sufficient to survive a motion to dismiss").

b.    *Technological Measure That Effectively Controls Access*

Section 1201(a)(1)(A) prohibits circumvention of "a technological measure that effectively controls access to a work protected under this title." A measure effectively controls access if it, "in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work." 17 U.S.C. § 1201(a)(3)(B). That definition contains two requirements: (1) the application of information, a process, or a treatment, and (2) the authority of the copyright owner.

i.    Application of Information, a Process, or a Treatment

The paradigmatic examples of measures requiring application of information, a process, or a treatment, are encryption codes and scrambling technologies. *See* 17 U.S.C. § 1201(a)(3)(A); *see, e.g., Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 456 (E.D.N.Y. 2012) (encryption); *Paramount Pictures Corp. v. 321 Studios*, No. 3 Civ. 8970, 2004 WL 402756, at *1 (S.D.N.Y. Mar. 3, 2004) (content scramble system). Courts have also found measures that operate similarly to those to qualify as access control measures. *See, e.g., See Corley*, 273 F.3d at 435 (password protections); *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 510 (S.D.N.Y. 2015) ("activation and validation keys"); *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 633 F. Supp. 3d 650, 669 (D. Conn. 2022) ("by not making a download

36

option readily available on the player page, [defendant] restrains users' ability to access and copy audio and video files").

SearchGuard, as pled, constitutes another such measure. The FAC alleges that it is "designed to prevent automated systems from accessing and obtaining wholesale search results and indexed data while allowing individual users—*i.e.*, humans—access to Google's search results." FAC ¶ 56. SearchGuard examines each search query to determine whether it is coming from a recognized or unrecognized source. *Id.* ¶ 58. If the source is unrecognized, SearchGuard sends a challenge or CAPTCHA that requires the browser to return information about the user generating the query. *Id.* Google is then able to validate that the query came from a real user instead of an automated system. *Id.* Browsers belonging to human users send back the required information "seamlessly, without disrupting the user experience." *Id.* Automated systems, in contrast, usually cannot solve the SearchGuard challenge and are therefore blocked from accessing Google's SERPs. *Id.*

SearchGuard is thus a "process" required "to gain access to the work." 17 U.S.C. § 1201(a)(3)(B); *see also Google* Decision at 15 (SearchGuard constituted access control measure). It erects a gate between users and Google SERPs, which, in the ordinary course, can be opened only by human users but which keeps out automated users. It thereby controls access to the snippets of Reddit content in Google SERPs, restricting such access to human users who cannot engage in the mass scraping of data. *See, e.g., MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 954 (9th Cir. 2010) (measure that scanned computer to "confirm the absence of any bots or cheats" before connecting to server was effective access control measure), *as amended on denial of reh'g* (Feb. 17, 2011), *opinion amended and superseded on denial of reh'g*, 2011 WL 538748 (9th Cir. Feb. 17, 2011); *Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507

F. Supp. 2d 1096, 1102, 1111 (C.D. Cal. 2007) (plaintiff likely to prevail in showing "computer security program known as CAPTCHA that is designed to distinguish between human users and computer programs" was effective access control measure).

Defendants dispute that SearchGuard is an access control measure. They emphasize that, while restricting automated systems from accessing SERPs, it allows human users seamlessly to access the same content. SerpApi Mot. at 15; Perplexity Mot. at 16. In so arguing, SerpApi relies on the Sixth Circuit's statement in *Lexmark International, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004), that section 1201(a)(2) "does not naturally extend to a technological measure that restricts one form of access but leaves another route wide open." *Id.* at 547. The Sixth Circuit there stated: "Just as one would not say that a lock on the back door of a house 'controls access' to a house whose front door does not contain a lock . . . it does not make sense to say that this provision of the DMCA applies to otherwise-readily-accessible copyrighted works." *Id.*

Although the broad language in *Lexmark* about the scope of the DMCA, read literally, would imply that SearchGuard is not covered by the statute, that language, on inspection, is dicta. And denying statutory coverage for a measure designed to prevent bulk electronic circumventions does not follow from the statutory text and is in tension, if not outright antithetical, to the DMCA's purposes. In addition, the circumstances of *Lexmark* were a far cry from those here. There, the plaintiff ("Lexmark") sold printers designed to work only with authorized toner cartridges. *Id.* at 529. Lexmark used an authentication sequence (*i.e.*, an encryption algorithm) that performed a "secret handshake" between the printer and the microchip on an authorized toner cartridge. *Id.* at 530. The defendant ("Static Control"), as alleged, sold its own low-cost microchip that satisfied Lexmark's authentication sequence without an

38

authorized toner cartridge. *Id.* Lexmark claimed that Static Control's chip circumvented the authentication sequence, which effectively controlled access to the printer's computer programs (the copyrighted works). *Id.* at 546. The Sixth Circuit held that the authentication sequence did not control access because a buyer of a Lexmark printer could "read the literal code" of the computer programs "directly from the printer memory, with or without the benefit of the authentication sequence." *Id.* The Circuit, in dismissing Lexmark's DMCA claim, noted that, although the authentication sequence blocked access insofar as it prevented the printer from functioning with an unauthorized cartridge, it did not block the "relevant form of 'access'" under the DMCA: the ability to obtain the copyrighted work. *Id.* at 547.

SearchGuard is unlike the authentication sequence in *Lexmark* for a simple reason: It does not leave Google SERPs "freely readable." *Id.* Instead, as pled, SearchGuard effectively blocks access by automated users while maintaining access for human users. For this reason, the Sixth Circuit's analogy to a "lock on the back door of a house . . . whose front door does not contain a lock," *id.*, does not fit this scenario. A more apt analogy is a facial-recognition technology programmed to open the door of a home for residents but not for other visitors. SearchGuard similarly differentiates. All Google users are sent a challenge to validate the query's source, and access is then "dependent on the browser's ability to provide a valid solution." FAC ¶ 58. If Google recognizes the source as a human user, access (like for the resident who clears the facial recognition test), occurs "seamlessly"; if not, access (as for strangers whose faces are unrecognized) is blocked. *Id.*

That the operation of SearchGuard's restriction depends on the character of the user does not make it other than an effective access control measure. It merely means that SearchGuard targets a particular type of access—one resembling the "massive piracy" that precipitated the

DMCA. S. Rep. 105-190, at 8. Nothing in the DMCA's text exempts from liability persons who circumvent TPMs aimed at protecting copyrightable material against bulk access merely because that material is accessible to an authorized individual (such as a person who accesses a website like Reddit or Google).[18]  Accordingly, SearchGuard, as pled, qualifies as an access control measure. *See, e.g.*, *Cordova v. Huneault*, 817 F. Supp. 3d 819, 833–34 (N.D. Cal. 2026) (with respect to measure preventing unauthorized downloading, "immaterial" that videos remained "publicly available," because access control measure need only "provide some degree of control over access to a copyrighted work" (quoting *MDY Indus.*, 629 F.3d at 954 n.17)).

ii.    Authority of the Copyright Owner

To qualify as an access control measure, the TPM must have been authorized by the copyright owner. 17 U.S.C. § 1201(a)(3)(B). Applying the DMCA's text, courts have held that the copyright owner must have *authorized* the implementation of a TPM; they have not required that the copyright owner himself or herself designed, implemented, or operated it. *See, e.g.*, *Yout, LLC*, 633 F. Supp. 3d at 665 (DMCA "does not set forth a requirement that the copyright owner put a technological measure in place"); *Google* Decision at 14 (requiring plaintiff to plead allegations that copyright owners "authorized the implementation of SearchGuard").

Defendants argue that the FAC does not allege either that Reddit users or Reddit—each of whose copyrightable content is at issue in this case—authorized Google to use the TPMs at issue. SerpApi Mot. at 15; Perplexity Mot. at 13–14. That is wrong.

---

[18] Indeed, as Reddit argues, if a work's alternative availability defeated an access control measure, then "no service could protect a copyrighted book, movie, or song so long as the same work could be borrowed from a library, heard on the radio, or watched on broadcast television." Opp'n at 26.

As to users, the FAC plausibly pleads that they authorized Reddit to protect their interests in their copyrighted works. That authorization is evidenced by the user agreement, which the FAC incorporates by reference. It grants Reddit a non-exclusive right to distribute, copy, sublicense, and adapt users' content. FAC ¶ 46. And it expressly informs users that Reddit has the authority to protect users' content and enter licensing agreements that "allow us to put into place meaningful protections." *Id.* ¶ 51 ("Protecting Redditors in our data licensing arrangements is essential."). Those protections, it states, (1) ensure "the ability to know who is accessing Reddit public content," (2) require that "data licensees honor public content deletions by Redditors and Reddit," and (3) prohibit certain uses of "public content to protect user rights." *Id.* The agreement adds that Reddit's licensees include "[l]arge language model makers that share our values that not all public data on the open internet is free to use without restraint." Public Content Policy. In light of these provisions, the FAC plausibly pleads that users authorize and expect Reddit to protect their content, including by licensing content only to companies that will take measures to prevent unauthorized access to such content.[19] That authorization is broad enough to encompass the mechanism (SearchGuard) allegedly circumvented here.[20]

As to Reddit, the FAC plausibly pleads that it has authorized Google to put in place the TPMs necessary to safeguard Reddit content (including copyrighted content of its and its users).

---

[19] Reddit separately points to a user agreement provision authorizing it to take "measures to help protect information about you from loss, theft, misuse and unauthorized access, disclosure, alteration, and destruction." FAC ¶ 50; *see* Tr. at 65. But that provision applies to users' personal information (*e.g.*, "identifiers used to create the[ir] account (such as phone number)," Privacy Policy). It does not authorize Reddit to take measures to protect users' *content*.

[20] At argument, the Court asked Reddit's counsel whether Reddit users can sue to enforce these provisions of the user agreement, and Reddit's counsel responded that the agreement does not give users a remedy in the event of Reddit's breach. *See* Tr. at 70–73. Whether that is correct is not relevant here, because the operative issue under the DMCA is whether Reddit is *authorized* to implement access control measures to protect user content, not whether it is obligated to do so.

To be sure, no party put the contract between Reddit and Google before the Court. But the FAC's account of it adequately supports that Reddit authorized Google to implement measures to control access to its data. To this end, the FAC alleges that Reddit has entered partnership arrangements with various companies to license Reddit content, and that "[a]ll such agreements" include prohibitions on redistribution of the content and most forbid AI use cases. *Id.* ¶ 52; *see also id.* ¶ 60 (agreements allow third parties to access Reddit data in bulk, subject to restrictions that "limit[] the use of such bulk data" for commercial purposes, including training AI models). It alleges that Reddit has entered partnership agreements with a "select list of AI companies that agree to abide by Reddit's policies and restrictions to protect the intellectual property . . . of both Reddit and Reddit users." *Id.* And it alleges it announced one such partnership with Google, which "enabled programmatic access by Google to Reddit content for use in Google's products and services." *Id.* It further alleges: "Reddit has always authorized its partners, including Google, to protect [its] content from misuse and prevent unauthorized access to that data." *Id.* ¶ 111.

Although discovery conceivably could support the contrary conclusion, on a motion to dismiss in which all factual disputes must resolved in favor of non-movant Reddit, the above terms make eminently plausible that the agreement between Reddit and Google authorized the use of TPMs to control access to content by Reddit and its users. The Court accordingly finds authorization plausibly pled. *See, e.g.*, *Echostar Satellite*, 543 F. Supp. 2d at 1206 (complaint alleging plaintiff "contracted and purchased the distribution rights" made it "reasonable to infer that [plaintiff] also has the authority to control the measures protecting the programming").[21]

---

[21] At argument, counsel for Perplexity revealed that SearchGuard was not implemented until January 2025—almost a year after Reddit and Google entered their partnership agreement. Tr. at 32 ("[W]e know that the agreement did not require Google to use SearchGuard . . . because

The *Google* Decision is not to the contrary. In that case, Google alleged that SerpApi circumvented SearchGuard when it accessed and scraped content from the knowledge panel of the Google search results page, which displays information derived from licensed and open sources. *Google* Decision at 1.[22] The district court dismissed Google's complaint because it did "not allege any facts that raise the inference" that Google had implemented SearchGuard with the authority of the copyright owner. *Id.* at 13. It rejected Google's argument that authorization could be inferred from the allegation that it "licenses copyrighted works," because the complaint did "not allege any facts regarding the terms of the licensing agreements that govern its use of any of the copyrighted content." *Id.*

The same cannot be said of the FAC. Although the FAC does not set out in detail the terms of the agreement between Reddit and Google, it alleges that the agreement prohibits

---

Google didn't launch SearchGuard until January of 2025."). Because that fact is alleged in the *Google* Complaint, which the FAC incorporates by reference, it is properly considered on this motion.

That fact, however, does not disturb the above analysis. Section 1201 does not require that the copyright holder specifically authorized the access control measure that was circumvented. If such were the case, private companies entrusted with safeguarding copyright holders' work would need to seek authorization from the copyright holder each time they sought to implement a new TPM. That would be inconsistent with the DMCA's aim of "encourag[ing] technological solutions . . . by enforcing private parties' use of technological protection measures." S. Rep. 105–190, at 11. It would also be unrealistic in a rapidly evolving technological landscape, where companies are constantly inventing and improving measures (*e.g.*, CAPTCHA challenges, encryption, passwords, and robot.txt files) to control access to copyrighted works and prevent scraping. That the contract with Reddit did not direct or require Google to install SearchGuard thus does not undermine the finding that Reddit authorized such. Because the FAC supports that Reddit broadly authorized Google to protect copyrighted works by Reddit and its users, the Court finds that Reddit is plausibly alleged to have authorized the TPMs that Google implemented, including SearchGuard.

[22] The knowledge panel is the bar displayed at the top of the Google search results page. For example, when a user searches "Willie Mays," Google displays an image of Mays that Google obtained pursuant to a copyright license. *Google* Complaint ¶ 16.

certain uses by Google of Reddit data and requires adherence to Reddit's policies, including protecting against unauthorized third-party access.  FAC ¶¶ 51–52, 111.  The FAC thus goes beyond the bare allegation that Google "has licenses to display copyrighted content" by Reddit users.  *Google* Decision at 14 (finding that allegation "not sufficient, without more, to raise [] inference" of authorization).  The FAC plausibly alleges that, in granting Google access to copyrighted content, Reddit imposed limits on access to this content and authorized Google to implement measures to control bulk automatic accessing and scraping of those works.

Accordingly, the Court finds that, as pled, SearchGuard (1) requires application of a process to gain access to the copyrighted content in Google SERPs, and (2) was implemented with the authorization of Reddit and its users.  It thus fits the statute's definition of an access control measure.

### d.    Circumvention

Section 1201(a)(1)(A) prohibits the circumvention of an access control measure.  To circumvent a technological measure, section 1201(a)(3)(A) states, "means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner."  Because the FAC's circumvention allegations are specific to each defendant, the Court considers whether circumvention is plausibly alleged as to SerpApi and Perplexity, respectively.

As to SerpApi, the FAC alleges that its tool "uses a proxy and the latest technologies to mimic human behavior," and "avoid being detected and blocked by Google."  FAC ¶ 81 (cleaned up).  The FAC alleges that the tool's "ludicrous speed" and "ludicrous speed max" features deploy "a server-swarm to hide from, avoid, or simply overwhelm by brute force" TPMs, creating numerous parallel requests.  *Id.*  It alleges that SerpApi uses, or encourages its

customers to use, techniques such as shifting IP addresses to avoid multiple requests from the same address and sending fake user-agent strings. *Id.*; *see also id.* ¶ 82. SerpApi thus "avoid[s]" and "bypass[es]" SearchGuard to access and scrape SERPs, which are otherwise inaccessible to automated systems. 17 U.S.C. § 1201(a)(3)(A).

That conduct constitutes circumvention. *See, e.g.*, *Google* Decision at 16 (complaint plausibly alleged that "SerpApi circumvented SearchGuard by bypassing it or impairing its ability to detect and block SerpApi's automated queries"); *Tu v. TAD Sys. Tech. Inc.*, No. 8 Civ. 3822, 2009 WL 2905780, at *2 (E.D.N.Y. Sept. 10, 2009) (circumvention plausibly alleged where defendants used program "to forcefully remove or bypass an application code that checks for licensing and activation"); *Yout, LLC*, 633 F. Supp. 3d at 673 (same, where defendant's automated program made an "end-run" around access control measure and caused users "to access content that is otherwise unavailable"); *Epic Games Inc. v. Araujo*, 2025 WL 2019810, at *5 (C.D. Cal. June 24, 2025) (same, where defendants used device that allowed them to "avoid being detected" by anti-cheat measures); *Nintendo of Am. Inc. v. Chan*, 2009 WL 2190186, at *4 (C.D. Cal. July 21, 2009) (defendant's game cards, which were "designed to precisely mimic the shape and electrical connections" of plaintiff's authorized cards, circumvented access control measure). That SerpApi's tool does not "descramble" or "decrypt" does not remove its activities from the ambit of section 1201, which defines circumvention broadly to also encompass measures that "*otherwise* . . . avoid, bypass, remove, deactivate, or impair a technological measure." 17 U.S.C. § 1201(a)(3)(A) (emphasis added); *see also Yout, LLC*, 633 F. Supp. 3d at 671 ("scrambling and encryption are *prima facie* examples of technological measures, but it does not follow that scrambling and encryption constitute an exhaustive list").

SerpApi reads section 1201(a)(1)(A) to require that the circumvention have an

45

"infringement nexus." SerpApi Mot. at 18. It argues that the FAC fails to state a claim because it contains "no allegations" supporting that SerpApi's circumvention "infringed a protected work or facilitated infringement." *Id.* Whether section 1201 contains such a requirement has divided courts of appeals. *Compare Chamberlain Grp. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1203 (Fed. Cir. 2004) (requiring plaintiff alleging section 1201 claim to show circumvention "infringes or facilitates infringing a right protected by the Copyright Act" (emphasis omitted)), *with MDY Indus.*, 629 F.3d at 952 (finding that "fair reading of the statute . . . indicates that Congress created a distinct anti-circumvention right under § 1201(a) without an infringement nexus requirement"). The Court does not have occasion to resolve this statutory question, because, even if an infringement nexus were required, such is adequately pled. The FAC alleges that SerpApi accesses and scrapes text from Google SERPs, which it turns into a machine-readable format that allows AI companies like Perplexity "to ingest . . . the raw text of user comments." FAC ¶ 72. On those facts, SerpApi "facilitate[s] infringement" by reproducing (copying) the content of SERPs and making such content easier for others to exploit in violation of the Copyright Act. *Cf. Chamberlain*, 381 F.3d at 1204 (no infringement nexus where plaintiff failed to "explain[] how the access provided by the Model 39 transmitter facilitates the infringement of any right that the Copyright Act protects" (emphasis omitted)).[23]

---

[23] SerpApi argues that Reddit cannot claim copyright infringement because SerpApi "collects publicly accessible content that is not protected by the Copyright Act." SerpApi Mot. at 18. But SerpApi does not provide support for its claim that this material is unprotected. And the caselaw is to the contrary. *See, e.g.*, *Lynk Media, LLC v. Indep. Digital News & Media, LLC*, No. 24 Civ. 583, 2025 WL 2771625, at *9 (S.D.N.Y. Sept. 29, 2025) (plaintiff had established *prima facie* case of copyright infringement as to content posted on *X*, formerly known as Twitter), *reconsideration denied*, No. 24 Civ. 583, 2025 WL 3204302 (S.D.N.Y. Nov. 17, 2025); *Graham v. Prince*, No. 15 Civ. 10160, 2023 WL 3383029, at *23 (S.D.N.Y. May 11, 2023) (rejecting argument that "any copyright holder who posts his copyrighted material onto a social media platform has waived his copyright to the material").

As to Perplexity, the FAC alleges that it uses SerpApi's tool to access and scrape Reddit data from SERPs and then uses that data to train its answer engine and respond to user queries. FAC ¶¶ 89–96. It alleges that Perplexity "set[s] the parameters for circumvention activity, including geographic location, rendering layouts, language settings, advanced filtering, and other operational inputs." *Id.* ¶ 65. It also alleges that Perplexity "conduct[s] the actual queries itself." *Id.* ¶ 100. Perplexity is thus plausibly alleged to "affirmatively perform[] an action that disables or voids" an access protection measure. *LivePerson, Inc.*, 83 F. Supp. 3d at 509 (quoting *Dish Network L.L.C.*, 893 F. Supp. 2d at 466). Its conduct is the equivalent of "break[ing] into a house using a tool, the primary purpose of which is to break into houses." S. Rep. 105-190, at 11. In sum, as pled, SerpApi made the circumvention tool, and Perplexity used it to circumvent.[24] On the pleadings, Perplexity is thus more than a bystander to, or a downstream beneficiary of, SerpApi's circumvention.[25]

Perplexity's construction of section 1201(a) fails. If an entity in Perplexity's shoes cannot be liable under section 1201(a)(1)(A), it is unclear that any party could be save parties whose conduct already makes out a violation of section 1201(a)(2). *See United States v. Jicarilla Apache Nation*, 564 U.S. 162, 185 (2011) ("we are hesitant to adopt an interpretation of

---

[24] The FAC's allegations related to SerpApi's marketing support that its users themselves are engaged in circumvention. SerpApi provides its users "with tips to reduce the chance of being blocked while web scraping"; advertises "that AI companies can use SerpApi's tools" to help fuel chatbots and minimize hallucinations; and offers a variety of features, such as "zero trace mode," which ensures that "once your search is done, it's as if it were never here." FAC ¶¶ 81–85. The FAC thus depicts that users have optionality and agency in utilizing SerpApi's tool.

[25] Both in its motion and at argument, Perplexity argued that under section 1201, a party cannot be held liable as a secondary participant. Perplexity Mot. at 5, 25 (citing *Cent. Bank of Denv. v. First Interstate Bank of Denv.*, 511 U.S. 164, 184 (1994)); Tr. at 43–44. Because the Court finds that the FAC has plausibly pled Perplexity's direct circumvention, the Court does not have occasion to reach that issue of statutory construction.

a congressional enactment which renders superfluous another portion of that same law" (citation omitted)).[26]  The statute instead supports that section 1201(a)(2), which prohibits providing a service designed to circumvent an access control measure, covers actors like SerpApi, and that section 1201(a)(1)(A), which "targets the use of a circumvention technology, not the trafficking in such a technology," reaches actors like Perplexity.  *Corley*, 273 F.3d at 441.[27]

Perplexity argues that the FAC's allegations fall short of plausibility.  First, it argues, the FAC does not allege that Perplexity set parameters for "the substantive content" that is scraped—only for the "type and format of the SERPs."  Perplexity Mot. at 10 (emphasis omitted).  But the FAC alleges that SerpApi's customers, including Perplexity, "specify[] operational inputs that determine when, how, and at what scale circumvention will occur."  FAC ¶ 65.  Such parameters are plausibly alleged to control more than "type and format."  Second, as to the queries that it allegedly conducted, Perplexity argues that the FAC lacks allegations as to "which 'queries' Perplexity supposedly ran, how it ran them, when it ran them, how often it ran them, or which Reddit posts it received from SerpApi by running them."  Perplexity Mot. at 10.  In faulting the FAC for not alleging the "who, what, when, where, and how" of Perplexity's alleged misconduct, Perplexity imports Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for fraud claims.  *Miller v. United States ex rel. Miller*, 110 F.4th 533, 544 (2d Cir.

---

[26] Perplexity argues that its reading of the statute would not render section 1201(a)(1)(A) superfluous, because that provision would apply, for example, to a person who purchased a black box (designed to bypass cable companies' access control measures) and "they themselves in their own home, plug it in, and use the box to descramble the signal."  Tr. at 44–45.  Perplexity's hypothetical does not avail it.  A person who uses a black box to access cable programming is in the same position under the statute as one who uses a data scraping tool to access copyrighted text—as Perplexity is alleged to have done.  Both acts constitute circumvention.

[27] Section 1201(a)(1)(A), of course, can also reach manufacturers like SerpApi, where they are alleged, as here, to have engaged in circumvention using their tool.

2024) (quoting *United States ex rel. Sibley v. Univ. of Chicago Med. Ctr.*, 44 F.4th 646, 655 (7th Cir. 2022)).  That standard does not apply here.  *See, e.g., Cordova*, 817 F. Supp. 3d at 834 ("defendants cite no support for their apparent contention that a plaintiff must identify in his complaint the specific tools used to circumvent the technological measures, or a date on which those tools were used, in order to survive a motion to dismiss"); *Ticketmaster L.L.C. v. Prestige Ent., Inc.*, 306 F. Supp. 3d 1164, 1174 (C.D. Cal. 2018) ("*Prestige*") ("there are no heightened pleading requirements for a DMCA circumvention claim").

The cases on which Perplexity relies are inapposite.  They found circumvention implausibly pled where complaints were conclusory as to a particular defendant's role, or where the conduct at issue did not constitute circumvention.  In contrast, the FAC contains numerous circumvention-related allegations particular to Perplexity.  It plausibly alleges that, by using SerpApi's tool, Perplexity bypassed SearchGuard, which is quintessential circumvention.  The FAC's allegations are thus well afield of those in Perplexity's cases.  *See, e.g., Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16 Civ. 1318, 2017 WL 696126, at *19 (S.D.N.Y. Feb. 15, 2017) (complaint pled "in conclusory fashion" all defendants participated in circumvention, and did "not provide any supporting facts" specific to defendant), *report and recommendation adopted sub nom. Joint Stock Co. v. Infomir LLC*, No. 16 Civ. 1318, 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017); *Dish Network L.L.C.*, 893 F. Supp. 2d at 464 (no circumvention because "using deception to gain access to copyrighted material is not the type of 'circumvention' that Congress intended to combat"); *I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*, 307 F. Supp. 2d 521, 532 (S.D.N.Y. 2004) (similar).

Accordingly, the Court finds, as to both defendants, the FAC has plausibly alleged circumvention of an access control measure.  *See, e.g., Yout, LLC*, 633 F. Supp. 3d at 673

(circumvention plausibly pled where "allegations suggest that [defendant] 'bypasses' the YouTube player page and its measures that direct a user to stream content"); *Prestige*, 306 F. Supp. 3d at 1174 (same where complaint alleges that defendants circumvent security measures "by using bots or 'CAPTCHA farm' laborers"); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1050, 1056 (N.D. Cal. 2010) (same, where defendants' product included "automatic CAPTCHA bypass feature that allows [d]efendants and its customers to circumvent Plaintiff's CAPTCHA security measure"); *NNG, KFT. v. AVA Enters., Inc.*, 2015 WL 5442725, at *3 (C.D. Cal. July 8, 2015) (same, where complaint "identifies [defendant] as the party that bypassed or circumvented security measures and describes what actions [defendant] undertook to pull it off").

Because all elements of Reddit's section 1201(a)(1)(A) claim are plausibly pled, the Court denies the motions to dismiss with respect to that claim.

### 2.    Section 1201(a)(2)

Section 1201(a)(2) states that "[n]o person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof," that is "primarily designed or produced for the purpose of" circumvention of an access control measure; "has only limited commercially significant purpose or use other than" circumvention of an access control measure; or "is marketed by that person or another acting in concert with that person with that person's knowledge for use" in circumvention of an access control measure.

Because the Court has found the FAC to plausibly allege that (1) Reddit's content is a work protected under the Copyright Act and (2) SearchGuard constitutes an access control measure, the only remaining issue under this subsection is whether SerpApi's tool was designed

50

or marketed for the purpose of, or has limited use other than, circumvention. SerpApi does not dispute that this element has been plausibly pled. The Court accordingly denies SerpApi's motion to dismiss Reddit's section 1201(a)(2) claim.

### 3.    Section 1201(b)

Section 1201(b)(1) of the DMCA prohibits trafficking in technology that can circumvent "protection afforded by a technological measure that effectively protects a right of a copyright owner under this title." A measure "effectively protects a right of a copyright owner" (a "rights protection measure") if it "in the ordinary course of its operation, prevents, restricts, or otherwise limits the exercise of a right of a copyright owner" under the Copyright Act. 17 U.S.C. § 1201(b)(2)(B); *see id.* § 106 (exclusive rights in copyrighted works include "to reproduce").

The FAC has not plausibly pled that SearchGuard prevents or restricts reproduction of the copyrighted content in Google SERPs. As alleged, SearchGuard blocks automated *access* to that content. But, as pled, SearchGuard does not control what a user does with such access once it has been obtained. *Cf. Macrovision v. Sima Prods. Corp.*, No. 5 Civ. 5587, 2006 WL 1472152, at *1 & n.1 (S.D.N.Y. May 26, 2006) (TPM that "hinder[ed] the making of videotape copies of protected DVDs" was rights protection measure); *see MDY Indus.*, 629 F.3d at 954–55 (TPM that scanned player's computer "to confirm the absence of bots or cheats" was access control measure, not rights protection measure, because it was not designed to protect "against copying").

In defense of the FAC's section 1201(b) claim, Reddit highlights only one allegation: "Reddit and Google implement technological measures to effectively control access and prevent scraping." FAC ¶ 53. But the FAC does not allege how SearchGuard "prevent[s] scraping," except insofar as it alleges that SearchGuard prevents automated *access* to Google SERPs in the

first instance. If that were enough, every TPM that qualifies as an access control measure under section 1201(a) would automatically qualify as a rights protection measure under section 1201(b). That outcome is contrary to the DMCA's text and structure. The Second Circuit has described the interplay between sections 1201(a) and 1201(b) as follows:

> [A]lthough both subsections prohibit trafficking in a circumvention technology, the focus of subsection 1201(a)(2) is circumvention of technologies designed to *prevent access* to a work, and the focus of subsection 1201(b)(1) is circumvention of technologies designed to *permit access* to a work but *prevent copying* of the work or some other act that infringes a copyright.

*Corley*, 273 F.3d at 441 (emphasis in original) (citation omitted). These subsections therefore target different mechanisms. *See also* S. Rep. 105-190 at 12 (sections 1201(a)(2) and 1201(b) "designed to protect two distinct rights and to target two distinct classes of devices").[28] Where, as here, the TPM "prevent[s]," rather than "permit[s]," access, it falls under section 1201(a), not section 1201(b).

To be sure, a TPM could serve dual functions such that both subsections apply. *See, e.g.*, *RealNetworks, Inc. v. Streambox, Inc.*, 2000 WL 127311, at *7 (W.D. Wash. Jan. 18, 2000) (TPM that both required authentication sequence for access and did "not permit the user to record a copy as the file is streamed" constituted access control and rights protection measure); *MDY Indus.*, 629 F.3d at 946 ("if a copyright owner puts in place an effective measure that both (1) controls access and (2) protects against copyright infringement, a defendant who traffics in a device that circumvents that measure could be liable under both § 1201(a) and (b)"). But that has not been pled here. A complaint advancing such a dual-purpose theory must do more than

---

[28] The reasoning in *RMG Techs., Inc.*, the out-of-Circuit case on which Reddit relies, Opp'n at 32, is inconsistent with the Second Circuit's decision in *Corley*. *See RMG Techs., Inc.*, 507 F. Supp. at 1112 (CAPTCHA "protects rights of a copyright owner because, by preventing automated access to the ticket purchase webpage, CAPTCHA prevents users from copying those pages" (emphasis omitted)).

merely allege that, because a TPM prevents access, it also protects a copyright owner's rights. Because that is all the FAC alleges here, the Court dismisses Reddit's section 1201(b) claim against SerpApi.

### C.    State Law Claims

#### 1.    Governing Legal Framework

The Copyright Act preempts state-law claims where "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106."[29] *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). The first requirement, known as the "subject matter requirement," is satisfied if the work "fit[s] into one of the copyrightable categories in a broad sense." *Id.* (citing 17 U.S.C § 102(a)). The second requirement, known as the "general scope requirement," is satisfied when the violation of state law "would, by itself, infringe one of the exclusive rights provided by federal copyright law." *Id.*

In assessing whether the general scope requirement is met, the Court must determine whether the state law claim contains an "extra element" that "changes 'the nature of the action so that it is *qualitatively* different from a copyright infringement claim.'" *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (emphasis in original) (quoting *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F. Supp. 1523, 1535 (S.D.N.Y. 1985)). This analysis asks

---

[29] Section 106, in relevant part, "affords a copyright owner the exclusive right to: (1) reproduce the copyrighted work; (2) prepare derivative works; [and] (3) distribute copies of the work by sale or otherwise." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (citing 17 U.S.C. §§ 106(1)–(3)).

"what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Id.* (citation omitted); *see also Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 302 (2d Cir. 2022) (courts must engage in "holistic evaluation" (citation omitted)). The Second Circuit "take[s] a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 306; *see also Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 851 (2d Cir. 1997) ("the 'extra element' test should not be applied so as to allow state claims to survive preemption easily").[30]

### 2.     Analysis

The snippets of Reddit content in Google SERPs are plausibly alleged to be works protected by the Copyright Act. *See supra* pp. 33–36 (finding first element of DMCA section 1201(a)(1) claim plausibly pled). The Court accordingly focuses its analysis on whether, with respect to Reddit's state law claims, the FAC's allegations are adequate to satisfy the general scope requirement.

### a.     Unjust Enrichment

To prevail on a claim for unjust enrichment under New York law, "a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F. 3d 611, 616 (2d Cir. 2000) (quoting *Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 20 (2d Cir. 1983)). Courts have generally held unjust enrichment claims preempted where they "protect[] rights that are essentially

---

[30] State law claims may be preempted by the Copyright Act even where, as here, the plaintiff has not brought a copyright infringement claim. *See, e.g., Elliott v. Cartagena*, No. 19 Civ. 1998, 2025 WL 486634, at *13 (S.D.N.Y. Feb. 13, 2025), *reconsideration denied*, 2025 WL 1455761 (S.D.N.Y. May 20, 2025); *A Slice of Pie Prods., LLC v. Wayans Bros. Ent.*, 392 F. Supp. 2d 297, 316 (D. Conn. 2005).

'equivalent' to rights protected by the Copyright Act." *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25 Civ. 4315, 2025 WL 3635559, at *3 (S.D.N.Y. Dec. 15, 2025) (quoting *Ardis Health, LLC v. Nankivell*, No. 11 Civ. 5013, 2012 WL 5290326, at *10 (S.D.N.Y. Oct. 23, 2012)); *see also* Nimmer on Copyright § 1.15 (unjust enrichment claim "should be regarded as an 'equivalent right' and, hence, preempted insofar as it applies to copyright subject matter").

The Court finds that Reddit's unjust enrichment claim, as formulated, seeks to protect substantially the same rights as a claim for copyright infringement. That claim alleges that (1) defendants "benefitted" by creating, marketing, and/or using circumvention technology to access and scrape Reddit data, resulting in (2) Reddit's loss of profits and business opportunities, and that (3) equity and good conscience "demand that the unjust benefits . . . should be repaid to Reddit." FAC ¶¶ 148–52. The conduct supporting Reddit's claim is thus defendants' accessing and scraping Reddit's data without authorization. Although access does not infringe a right protected by section 106, scraping does. As alleged, it entails turning the copyrighted content from Google SERPs into a "structured, machine-readable format that organizes information into labeled data fields, rather than presented content as a webpage intended for human viewing." *Id.* ¶ 71. That conduct "would, in and of itself," infringe the right, under section 106(1), to reproduce the copyrighted work. *Briarpatch*, 373 F.3d at 306; *see also Panizza v. Mattel, Inc.*, No. 2 Civ. 7722, 2003 WL 22251317, at *4 (S.D.N.Y. Sept. 30, 2003) (unjust enrichment claim that "concerns the benefit defendant[s] allegedly received by using plaintiff's ideas and related materials without her permission or authorization to do so," was "within the scope of the

55

Copyright Act" (citation omitted)).[31]

Reddit argues that its unjust enrichment claim is not the equivalent of a copyright infringement claim because the FAC alleges that the "ability to circumvent was material to both [d]efendants' businesses and that both benefited by avoiding licensing fees." Opp'n at 35 (citing FAC ¶¶ 109, 150). But circumvention is merely the means that defendants used to access and scrape Reddit data—it is not "needed to bring a claim" for unjust enrichment. *Melendez*, 50 F.4th at 307. It thus does not constitute the "extra element" "required . . . in order to constitute a state-created cause of action." *Altai*, 982 F.2d at 716 (citation omitted).

Nor does defendants' alleged circumvention change the nature of the unjust enrichment claim to make it "*qualitatively* different from a copyright infringement claim." *Id.* The FAC's unjust enrichment claim is, in essence, aimed at stopping the bulk copying and reproduction of content authored by Reddit and its users. *See Jones v. Haynes*, No. 24 Civ. 7098, 2025 WL 3090549, at *14 (S.D.N.Y. Oct. 10, 2025) ("alleged misconduct that [plaintiff] identifies provided the means by which the alleged infringement was carried out, but 'leaves its fundamental nature unaltered'" (citation omitted)), *report and recommendation adopted*, No. 24 Civ. 7098, 2025 WL 3090106 (S.D.N.Y. Nov. 5, 2025); *Melendez*, 50 F.4th at 308 (plaintiff's state law claims "aimed at stopping the reproduction of copyrightable work," were "in no meaningful fashion distinguishable from infringement of a copyright" (quoting *Motorola*, 105 F.3d at 851)).[32]

---

[31] Although defendants' enrichment "is not required for copyright infringement," it does not "go[] far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 306.

[32] *Reddit, Inc. v. Anthropic PBC*, 826 F. Supp. 3d 1059 (N.D. Cal. 2026), on which Reddit relies, is inapposite. That decision upheld, as not preempted by the Copyright Act, an unjust enrichment claim based on allegations of circumvention and scraping. But, critically, that case

The subject matter and general scope requirements are thus satisfied with respect to the FAC's unjust enrichment claim. Accordingly, the Court finds that claim preempted by the Copyright Act. *See, e.g., In re OpenAI, Inc.*, 2025 WL 3635559, at *3–4 (in DMCA case, finding claim that OpenAI was unjustly enriched by using plaintiff's copyrighted works to train its models was "equivalent to a claim to enforce exclusive rights within the general scope of copyright"); *Post Univ. Inc.*, 2025 WL 2702043, at *10 (same, finding claim that defendant was unjustly enriched by using plaintiff's copyrighted works "for its own financial gain" was preempted by Copyright Act); *see also Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 972 (N.D. Cal. 2024) (same, finding claim that defendant had "unjustly misappropriated" plaintiffs' works to "develop, train and promote" AI models was preempted).[33] The Court dismisses that claim against both defendants.

> b.    *Unfair Competition*

"[T]he essence of unfair competition under New York common law is 'the bad faith misappropriation of the labors and expenditures of another." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (quoting *Rosenfeld v. W.B. Saunders, A Division of Harcourt Brace Jovanovich, Inc.*, 728 F. Supp. 236, 249–50 (S.D.N.Y. 1990)).

---

found a well-pled "implied-in-fact contract," under which the defendant had been obliged to "comply with various contractual, technical, and privacy duties under the User Agreement." *Id.* at 1066. The alleged breach of that contract was the basis for sustaining the unjust enrichment claim as distinct from the Copyright Act. *See id.* at 1068 ("Reddit's unjust enrichment theory is not simply that Anthropic copied content without paying for it. As stated above, the Court finds that an implied-in-fact contract exists."). The FAC does not plead, and Reddit has not argued, that such an implied contract exists (or was breached) here.

[33] These cases and others cited below were brought under section 1202 of the DMCA (which, *inter alia*, prohibits removal of copyright management information). They are relevant because the allegations underlying the unjust enrichment and unfair competition claims are analogous to the allegations here.

Generally, "unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by [the Copyright Act]." *Altai*, 982 F.2d at 717; *see also Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (unfair competition does not require proof of any element "in excess of those elements necessary to establish a copyright-infringement action"). An unfair competition claim may escape preemption, however, where the complaint alleges an extra element such as "breach[] of confidential relationships, breach[] of fiduciary duties and trade secrets." *Red Apple Media, Inc. v. Batchelor*, 729 F. Supp. 3d 350, 370 (S.D.N.Y. 2024) (citation omitted).

Reddit's unfair competition claim is within the general scope of copyright. The FAC alleges that, by circumventing SearchGuard to access and scrape Reddit data, defendants have misappropriated content by Reddit and its users for defendants' own commercial gain. FAC ¶ 139. The gravamen of the unfair competition claim is thus defendants' misappropriation of copyrighted content. As with unjust enrichment, that defendants allegedly achieved such misappropriation through circumvention does not add an extra element to Reddit's claim.[34]

*Philips North America LLC v. Image Technology Consulting, LLC*, 2022 WL 17168372 (N.D. Tex. Nov. 21, 2022), on which Reddit relies, is not to the contrary. That case considered an unfair competition claim under Texas law, which, unlike New York law, provides that "a claim for unfair competition cannot stand on its own; rather, liability must be premised on some other independent substantive tort or illegal conduct." *Id.* at *3. The DMCA claim had been

---

[34] The FAC's unfair competition allegation pleads that defendants acted in bad faith in that they "knowingly" engaged in circumvention, and continued to do so "after having been blocked from access or otherwise requested to cease their activities." FAC ¶ 143. The claim of bad faith, however, does not add an "extra element" to Reddit's unfair competition claim. *See, e.g., Briarpatch*, 373 F.3d at 306 ("Awareness or intent . . . are not extra elements that make a state law claim qualitatively different."); *see also Altai*, 982 F.2d at 717 (awareness or intent . . . alter "the action's scope but not its nature'" (quoting *Mayer*, 701 F. Supp. at 1535)).

pled to be the "independent" illegal conduct on which the unfair competition claim was premised. In these circumstances, the court did not find preemption by the Copyright Act. *Id.* at \*7. Here, in contrast, a violation of the DMCA is not an essential element of Reddit's unfair competition claim. The analysis in *Phillips* does not displace the analysis in the precedents above.

Accordingly, Reddit's unfair competition claim is preempted by the Copyright Act. *See, e.g., N.Y. Times Co.,* 777 F. Supp. 3d at 322 (DMCA case, finding unfair competition claim that defendants misappropriated plaintiff's content by using it to train AI models and produce outputs "fall[s] squarely within the general scope and subject matter of the Copyright Act"); *Ez-Tixz, Inc. v. Hit-Tix, Inc.,* 919 F. Supp. 728, 738 (S.D.N.Y. 1996) (unfair competition claim preempted where "gist" of cause of action "is simply that the defendants continued to use the program without paying a licensing fee"); *Zuma Press, Inc. v. Getty Images (US), Inc.,* No. 16 Civ. 6110, 2017 WL 2829517, at \*6 (S.D.N.Y. June 29, 2017) (same, where claim was "[a]t its core . . . a claim for copyright infringement"). The Court dismisses that claim against both defendants.

### c.    *Civil Conspiracy*

Under New York law, a claim of civil conspiracy is available only to a plaintiff who can establish "an underlying, actionable tort." *Sepenuk v. Marshall,* No. 98 Civ. 1569, 2000 WL 1808977, at \*6 (S.D.N.Y. Dec. 8, 2000). The Court has dismissed the FAC's state law claims, which as pled were among the objects of the civil conspiracy. But the FAC also pleads that violating the DMCA was an object of that conspiracy. And, the parties agree, a civil conspiracy claim may be based on the violation of a federal statute. *See* Tr. at 25, 50; *see also Varela v. Flintlock Const., Inc.,* No. 1 Civ. 2736, 2002 WL 342657, at \*3 (S.D.N.Y. Mar. 5, 2002) (court found "no case law" establishing civil conspiracy "may not be linked to an

underlying tort having a statutory basis"). Because the Court has found DMCA violations plausibly pled with respect to both defendants, the FAC has plausibly pled the existence of an underlying tort to support Reddit's civil conspiracy claim.

In light of this finding, the civil conspiracy claim is not preempted by the Copyright Act. Because the DMCA is the tort on which that claim is predicated, defendants' agreement to engage in prohibited circumvention *is* required for Reddit's civil conspiracy claim. It therefore constitutes an "extra element," such that the civil conspiracy claim is not the equivalent of a claim for copyright infringement. The DMCA's legislative history confirms as much. Congress enacted section 1201(a)(1)(A), which prohibits the act of circumvention, because "prior to this Act"—*i.e.*, under the Copyright Act—"the conduct of circumvention was never before made unlawful." S. Rep. 105-190, at 12. Because the Copyright Act does not prohibit circumvention, that element "makes the claim[] qualitatively different from a claim of copyright infringement." *Briarpatch*, 373 F.3d at 307. This common law claim is thus outside the realm of copyright. *See, e.g.*, *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 431 (2d Cir. 2012) (breach of contract claim not preempted because "plaintiff suing for failure to pay under a contract must prove extra elements beyond use or copying, including mutual assent and valid consideration"); *Altai*, 982 F.2d at 717 (trade secret claims "grounded upon a defendant's breach of a duty of trust" were "different in kind from copyright infringement" (citation omitted)); *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 374 (E.D.N.Y. 2014) (breach of fiduciary duty contained extra element because it "require[d] that the defendant owe the plaintiff a fiduciary duty and breached that duty").

The balance of the civil conspiracy claim is also plausibly pled. A viable such claim must plead, in addition to an underlying tort: "(1) an agreement between two or more parties;

(2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Treppel v. Biovail Corp.*, No. 3 Civ. 3002, 2005 WL 2086339, at *5 (S.D.N.Y. Aug. 30, 2005). The FAC does so. First, it alleges that Perplexity is an "advertised client of SerpApi," making it plausible that there is an agreement between the parties. FAC ¶ 6; SerpApi Website at 9. Second, it alleges, each defendant has taken steps in furtherance of that agreement—SerpApi, by providing a circumvention tool, and Perplexity, by paying for and using it. FAC ¶ 155. Third, the FAC alleges that each party was an intentional participant, insofar as SerpApi markets itself as a tool for the purpose of circumvention, and Perplexity received a cease-and-desist letter from Reddit yet continued to access and scrape Reddit data to fuel its answer engine. *Id.* ¶¶ 81–82, 93–94, 96. Fourth, as discussed at length, the FAC alleges damage to Reddit in the form of lost licensing fees, reputational injury, and infringement of its copyright in its own authored works. *Id.* ¶¶ 102–11.

Perplexity's reliance on *Kitchen Winners NY Inc. v. Rock Fintek LLC*, 668 F. Supp. 3d 263 (S.D.N.Y. 2023) (Engelmayer, J.) is unavailing. *See* Perplexity Mot. at 25. There, the complaint did "not contain any non-conclusory allegations" related to the parties' agreement or the acts committed in furtherance of the wrong. *Kitchen Winners NY Inc.*, 668 F. Supp. 3d at 299–300. The FAC, in contrast, alleges that the purpose of SerpApi's tool is to circumvent TPMs to access and scrape data, that SerpApi holds Perplexity out as its customer, and that Perplexity has accessed and scraped copyrighted content in Google SERPs. FAC ¶¶ 6, 81–83, 155. At the motion to dismiss stage, Reddit is not required to allege the particulars of an agreement between defendants to plausibly allege the existence of such. *See Schottenstein v. Capla*, No. 22 Civ. 10883, 2024 WL 4135303, at *5 (S.D.N.Y. Sept. 9, 2024) ("complaint

must allege some factual basis for a finding of a conscious agreement among the defendants," but "does not need to satisfy the particularity requirement of Rule 9(b)" (quoting *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 26 n.4 (2d Cir. 1990))).

Accordingly, the Court finds the civil conspiracy claim plausibly pled. *See, e.g., Fairstein v. Netflix, Inc.*, 553 F. Supp. 3d 48, 82 (S.D.N.Y. 2021) (although "question of whether defendants actually agreed to defame [plaintiff] is properly subject to discovery," complaint alleged sufficient facts to support "that the defendants collaborated"); *1567 56th St., LLC v. Spitzer*, 774 F. Supp. 3d 476, 497 (E.D.N.Y. 2025) (denying motion to dismiss where complaint alleged defendants "all played discrete and necessary roles in perpetuating the mortgage fraud scheme"); *Varela*, 2002 WL 342657, at *3 (denying motion to dismiss where civil conspiracy claim predicated on statutory violation). The Court denies the motion to dismiss that claim against both defendants, although, for the reasons above, the Court prunes its unjust enrichment and unfair competition objects.

## CONCLUSION

For the foregoing reasons, the Court predominantly denies the motions to dismiss. It sustains the claims (1) brought against both defendants under section 1201(a)(1)(A) of the DMCA, (2) against SerpApi under 1201(a)(2) of the DMCA, and (3) against both defendants for civil conspiracy under New York law. The Court, however, dismisses the claim under section 1201(b) of the DMCA against SerpApi, and the state-law unjust enrichment and unfair competition claims brought against both defendants.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 58 and 61. An order will issue shortly as to next steps in this litigation.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 31, 2026
       New York, New York