**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REDDIT, INC.,<br>Plaintiff,<br><br>- against -<br><br>SERPAPI LLC, OXYLABS UAB, AWMPROXY, and PERPLEXITY AI, INC.,<br><br>Defendants. | Case No.: 25-cv-8736 |

# PLAINTIFF REDDIT, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT OXYLABS UAB'S MOTION TO DISMISS

William A. Maher
Justin T. Zimnoch
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, NY 10110
(212) 382-3300
wmaher@wmd-law.com
jzimnoch@wmd-law.com

Reid M. Bolton (*Pro Hac Vice*)
Matthew R. Ford (*Pro Hac Vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
reid.bolton@bartlitbeck.com
matthew.ford@bartlitbeck.com

Giovanni Sanchez (*Pro Hac Vice*)
BARTLIT BECK LLP
1801 Wewatta St., Suite 1200
Denver, CO 80202
(303) 592-3100
giovanni.sanchez@bartlitbeck.com

*Attorneys for Plaintiff Reddit, Inc.*

## TABLE OF CONTENTS

INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 2

LEGAL STANDARDS ..... 3

ARGUMENT ..... 3

I. The Court's July 31, 2026 Opinion Already Addressed Most of Oxylabs' Arguments ..... 3

II. Extraterritoriality is a Red Herring ..... 4

III. Reddit Plausibly Alleges that Oxylabs has Circumvented Reddit's and Google's Technological Control Measures ..... 5

IV. Reddit Plausibly Alleges that Oxylabs Trafficked in Technology Designed and Marketed to Circumvent Reddit's and Google's Technological Control Measures ..... 7

V. Reddit's State-Law Claims Against Oxylabs Focus on Access, Not Copying ..... 9

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 3

*Koch v. Christie's Int'l PLC*,
699 F.3d 141 (2d Cir. 2012) ... 3

*Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*,
No. 23-55001, 2024 WL 3616945 (9th Cir. Aug. 1, 2024) ... 4

*Synopsys, Inc. v. AzurEngine Techs., Inc.*,
401 F. Supp. 3d 1068 (S.D. Cal. 2019) ... 4

*Universal City Studios, Inc. v. Corley*,
273 F.3d 429 (2d Cir. 2001) ... 9

*WesternGeco LLC v. ION Geophysical Corp.*,
585 U.S. 407 (2018) ... 4

*Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*,
633 F. Supp. 3d 650 (D. Conn. 2022) ... 7

## Statutes

17 U.S.C. § 106 ... 9

17 U.S.C. § 301(b) ... 9

17 U.S.C. § 1201(a) ... 8

## INTRODUCTION

Oxylabs' motion largely repeats arguments the Court has already rejected. As the Court's July 31 Opinion noted, Reddit has standing, has plausibly alleged that the works at issue are protected by copyright, and that Google's SearchGuard effectively controls access to those works. Oxylabs offers no reason to revisit those rulings and the Court should decline to do so.

As to the DMCA claims, only three Oxylabs-specific issues remain: (i) whether the FAC alleges a domestic application of the DMCA; (ii) whether Oxylabs itself circumvented Google's access controls; and (iii) whether Oxylabs trafficked in a circumvention service under Section 1201(a)(2).

The FAC plausibly alleges each. Among other things, it alleges that Oxylabs offers services that enable users to "bypass restrictions," "avoid getting blocked," and thereby overcome technical restrictions that would otherwise prevent access. Oxylabs advertises the fact that it maintains more than 62,000 New York IP addresses and notes that its New York proxy network is a way to "scale up" so-called "data gathering projects." And Oxylabs circumvented Google's technological control measures to access, without authorization, hundreds of millions of Google search-engine results pages ("SERPs") containing Reddit data. FAC ¶¶ 23–26, 79–80, 85, 125. Taken together, those allegations show domestic conduct, direct circumvention of Google's technological protection measures by Oxylabs, and a service specifically designed and marketed to circumvent those measures.

And while the Court also dismissed some of Reddit's state-law claims against SerpApi and Perplexity on the basis of preemption, the claims against Oxylabs merit further analysis. What Oxylabs sells, and what its customers pay for, is the ability to bypass digital gates, not the right later to reproduce, distribute, or display the content obtained. Reddit's state-law claims thus target

the commercialization of unauthorized access itself, a right distinct from the exclusive rights protected by § 106 of the Copyright Act. They are therefore neither preempted nor deficiently pled.

## FACTUAL BACKGROUND

The Court is familiar with the factual background from Reddit's Consolidated Opposition. *See* ECF 68 at 2–4. Reddit recounts here only the allegations most relevant to Oxylabs' motion.

Oxylabs is a Lithuanian company that "provides products and services to enable web scraping and allows users to bypass or otherwise circumvent technological control measures that prevent large-scale access and web scraping." FAC ¶ 10. Oxylabs operates a proxy network that includes more than 62,000 New York IP addresses, including residential proxies located in the Bronx, Brooklyn, Buffalo, Manhattan, and Queens. *Id.* ¶¶ 23–24. Oxylabs also advertises that its New York proxies will "help you scale up your data gathering projects and collect publicly available information efficiently." *Id.* The FAC also alleges that "Oxylabs unlawfully accessed and obtained Reddit data on computers located in New York and/or by using proxy servers located in New York, and/or by circumventing technological control measures on servers located in New York." *Id.* ¶ 26.

Oxylabs' marketing explains that its proxy network is designed and offered to circumvent technological control measures. For example, Oxylabs explains that its services allow users to "bypass restrictions and avoid getting blocked while scraping," and that its Google Search API is "constructed to overcome technical challenges and ensure reliable access to publicly-available web data." *Id.* ¶ 79. Oxylabs also provides tutorials explaining how to use its services to "bypass" sophisticated anti-bot systems. *Id.* ¶ 80; *see also id.*, Ex. C at 1. According to information Reddit obtained through a subpoena to Google, Oxylabs circumvented or bypassed Google's technological control measures to access and scrape Reddit data from Google search results at an

industrial scale, accessing without authorization more than 333 million SERPs containing Reddit data in a single week from July 1 through July 6, 2025, and more than 448 million the next week. *Id.* ¶ 85. Oxylabs' website also specifically lists among the "Cons" of attempting to scrape Google search results *without* using IP proxies a "high risk of IP blocks, CAPTCHAs, limited scalability." By contrast, it then identifies one of the "Cons" of *using* IP proxies as "legal considerations." *Id.*, Ex. C at 15. In other words, Oxylabs' *own website* notes that Google's technological protection measures block access and offers tools to circumvent those measures—which Oxylabs concedes create potential legal liability. *See generally id.*, Ex. C.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the purpose of resolving a motion to dismiss, the court must assume all well-pleaded facts to be true, drawing all reasonable inferences in favor of the plaintiff. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

## ARGUMENT

### I. The Court's July 31, 2026 Opinion Already Addressed Most of Oxylabs' Arguments

Oxylabs reprises SerpApi's and Perplexity's arguments over Article III standing, statutory standing, protected works, copyright-owner authority, and whether Google's measures effectively control access. *See* ECF 96-1 at 4–15. The Court's July 31 Opinion rejected nearly the same arguments and sustained Reddit's claims under § 1201(a)(1) and (a)(2) of the DMCA, as well as

Reddit's civil conspiracy claim under New York law. *See* Opinion at 13–53.[1] Nothing in Oxylabs' motion warrants a different result.

## II. Extraterritoriality is a Red Herring

What remains are the arguments specific to Oxylabs, beginning with extraterritoriality. Oxylabs contends that Reddit's DMCA claims impermissibly seek to apply the statute extraterritorially. That argument has no merit, and Oxylabs' own cited cases show why.

The question of extraterritoriality focuses on the location of the conduct that is the subject of the statute. In *Synopsys*, one of the cases cited by Oxylabs, the court called extraterritoriality a "red herring" even though the defendant argued that the relevant access occurred through servers in China. *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1073 (S.D. Cal. 2019). The court explained that the question is where the conduct at the focus of Section 1201(a)(1) occurred. *Id.* Because the circumvention occurred at least in part in the United States, the claim was domestic. *Superama*, another case Oxylabs cites, makes the same point. There, the Ninth Circuit explained that a DMCA claim is domestic when "the conduct relevant to the statute's focus occurred in the United States," even if other conduct occurred abroad. *Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, No. 23-55001, 2024 WL 3616945, at *2 (9th Cir. Aug. 1, 2024) (quoting *WesternGeco LLC v. ION Geophysical Corp.*, 585 U.S. 407, 413 (2018)). Applying that rule, the court held that allegations of circumvention aimed at U.S.-based protections could support a domestic claim even though the defendant directed the conduct from abroad. *Id.*

---

[1] The Court's July 31 Opinion ruled that Reddit's First Amended Complaint failed to adequately allege that SearchGuard or other measures constitute a copy control technology for purposes of Section 1201(b). Reddit respects the Court's ruling but may seek leave to amend its Section 1201(b) claim to account for facts learned in discovery.

The FAC alleges exactly the kind of domestic conduct those cases found sufficient. For example, Oxylabs advertises that it operates more than 62,000 New York IP addresses, and markets those New York proxies as a way to "scale up your data gathering projects." FAC ¶ 23. Oxylabs also advertises a "New York proxy network" spanning the Bronx, Brooklyn, Buffalo, Manhattan, and Queens. *Id.* ¶ 24. Against that backdrop, the FAC also expressly alleges that Oxylabs circumvented technological control measures on servers located in New York. *Id.* ¶ 26. That allegation is not untethered from the pleaded facts. The FAC identifies, from Google's own data, hundreds of millions of instances in which Oxylabs circumvented Google's controls to access Reddit data. *Id.* ¶ 85. Taken together, those allegations support a straightforward inference that the circumvention occurred domestically, through and against domestic infrastructure in New York state – not extraterritorial conduct with glancing contact with the United States. Oxylabs' contrary argument simply ignores these specific, well-pleaded allegations.[2] In short, Oxylabs' extraterritoriality argument is the very "red herring" its own cases describe.[3]

## III. Reddit Plausibly Alleges that Oxylabs has Circumvented Reddit's and Google's Technological Control Measures

Oxylabs also contends that it cannot be liable for circumvention because the FAC pleads only that it provides "general purpose tools that can be used by others for circumvention." ECF 96-1 at 17. The Court has already rejected that distinction. In sustaining the Section 1201(a)(1)

---

[2] It also bears noting that one purpose of Oxylabs' tools is to obfuscate the true location/identity of the entity attempting to access Reddit's content. FAC ¶ 23, Ex. C. To the extent that Oxylabs is attempting to insert factual disputes about whether its conduct is located in Lithuania (rather than New York), that factual dispute must be the subject of discovery after the pleading stage and cannot defeat Reddit's well-pleaded allegations that the circumvention occurred through and against systems located in New York.

[3] Because Reddit's claims rest on alleged domestic circumvention, the Court need not reach the question of whether the DMCA has extraterritorial application.

claims against SerpApi and Perplexity, the Court recognized that the statute reaches both a provider that itself uses its own circumvention technology and a customer that uses another's technology to circumvent. Opinion at 44–50. Indeed, the Court expressly noted that Section 1201(a)(1) "can also reach manufacturers like SerpApi, where they are alleged, as here, to have engaged in circumvention using their tool." *Id.* at 48 n.27. So too here, with respect to Oxylabs.

To the extent the Court's order does not dispense with this argument altogether, Oxylabs' arguments bear no relation to Reddit's allegations. Oxylabs expressly markets its scraping service as a means to "bypass restrictions and avoid getting blocked" when scraping Google search pages "automatically and on a large scale," and boasts that its technology is "constructed to overcome technical challenges and ensure reliable access" to web data. FAC ¶ 79. Those allegations describe technology designed to do exactly what Section 1201 forbids: "avoid" or "bypass" a technological measure. Oxylabs also touts its own technical experts, who can explain how its service allows a user to "bypass[] sophisticated anti-bot systems":



*Id.* ¶ 80. The FAC then alleges, based on Google's own data, that Oxylabs did exactly that: Oxylabs circumvented Google's technological controls hundreds of millions of times to access Reddit data. *Id.* ¶ 85. Those allegations describe not a passive supplier, but a provider that uses its own technology to perform the bypass. Taken together, these facts give rise to a reasonable inference that Oxylabs is using its advertised tools to unlawfully access Reddit data protected by Google's SearchGuard system.

Furthermore, a customer's role in using the service or initiating the bypass request does not make Oxylabs a passive supplier. *Yout* rejected the same effort to separate the provider from the operation of its technology. *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 633 F. Supp. 3d 650, 665 (D. Conn. 2022). There, the user supplied a YouTube link, but Yout's technology performed the critical step: it "affirmatively act[ed] to 'modify[]' the Request URL," thereby "causing an end user to access content that is otherwise unavailable." *Id.* at 673.

The same reasoning applies here. The FAC alleges that Oxylabs markets a service designed to "bypass restrictions," that its customers use that service for that very purpose, and that Oxylabs' technology has in fact circumvented Google's controls at an industrial scale to access Reddit content. FAC ¶¶ 79, 85–86. The participation of a customer in that coordinated process does not convert Oxylabs from a circumventer into a passive supplier.

## IV. Reddit Plausibly Alleges that Oxylabs Trafficked in Technology Designed and Marketed to Circumvent Reddit's and Google's Technological Control Measures

Oxylabs contends that the trafficking claims fail because its proxy services are not primarily designed for circumvention, limited to that use, or marketed for it. ECF 96-1 at 19–21. None of those arguments has any merit.

Start with marketing. Oxylabs does not dispute that Section 1201(a)(2)(C) reaches a service "marketed" for "use in circumventing a technological measure that effectively controls access" to

copyrighted works, whether or not the service was designed principally for that purpose. 17 U.S.C. § 1201(a)(2)(C). And the FAC quotes Oxylabs marketing its services in just those terms. On a page titled "How to Scrape Google Search Results," Oxylabs notes that automated, large-scale scraping may "run into some difficulties," and holds out its service as a way to "help you bypass restrictions and avoid getting blocked while scraping." FAC ¶ 79. Oxylabs further advertises its "Google Search API" as a way to overcome Google's technological protection "challenges." *Id.* Oxylabs also publishes detailed tutorials explaining how customers can use its services to scrape Google SERPs. *Id.*, Ex. C.

Nevertheless, Oxylabs responds by pointing to statements elsewhere on its website that its services concern "publicly-available web data" and that customers should "seek legal advice about [their] specific case." ECF 96-1 at 20–21. But those statements do not alter the specific marketing described in the FAC. Oxylabs tells customers that its proxies will "bypass restrictions," "avoid getting blocked," and overcome the technical barriers encountered in large-scale automated Google scraping. FAC ¶ 79. Read together, the materials leave no doubt that Oxylabs markets its service for circumvention while adding generic references to public data and legal advice to distance itself from the very use its instructions promote. In short, Oxylabs' self-serving caveats do not negate the well-pled allegations.

The marketing allegations alone suffice to refute Oxylabs' trafficking argument. But its treatment of the statute's other prongs fares no better. Oxylabs argues that proxy servers—in general—can serve purposes other than circumvention. ECF 96-1 at 19–20. Even accepting that premise, it misses the relevant question. Section 1201(a)(2) prohibits offering or providing "a service" that is "primarily designed or produced for the purpose of circumventing" an effective technological measure. 17 U.S.C. § 1201(a)(2)(A). The relevant service here is not proxy servers

in the abstract. It is Oxylabs' specific service, which the FAC alleges Oxylabs has built to overcome "sophisticated anti-bot" restrictions, avoid blocking, and enable human-like scraping of Google results at scale. FAC ¶¶ 79–80, 125. The fact that proxy servers in general could have permissible uses does not defeat the allegations here because that says nothing about the primary design and purpose of the particular service Oxylabs offers and provides.

## V. Reddit's State-Law Claims Against Oxylabs Focus on Access, Not Copying

The Court's July 31 Opinion held that Reddit's state-law claims against SerpApi and Perplexity were preempted because their gravamen was the unauthorized scraping and reproduction of copyrighted content. Opinion at 55–59. In light of that holding, Reddit notes that its allegations against Oxylabs are not simply that circumvention occurred, and that access alone saves an otherwise copyright-equivalent claim. Rather, the FAC further alleges a commercial wrong that precedes any downstream copying: Oxylabs markets, sells, and provides customers a service whose very function is to defeat access controls and obtain access that those customers otherwise could not obtain at scale. FAC ¶¶ 79–80, 125, 140, 149. The FAC specifically alleges that Oxylabs has been unjustly enriched by "marketing, selling, and providing" products and services for that purpose. *Id.* ¶ 149.

That distinction matters under the Copyright Act's preemption provision. Section 301 preempts only state-law rights "equivalent to" the exclusive rights identified in Section 106. 17 U.S.C. § 301(b)(3). Those rights concern reproduction, derivative works, distribution, public performance, and public display. 17 U.S.C. § 106. Access is not among them. As the Second Circuit explained, the DMCA "targets the *circumvention* of digital walls guarding copyrighted material" but "does not concern itself with the *use* of those materials after circumvention has occurred." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 443 (2d Cir. 2001).

The FAC alleges that Oxylabs built and marketed a service that bypasses restrictions, avoids blocking, and enables large-scale automated access to data that Google's controls would otherwise prevent. FAC ¶¶ 79–80, 125. Oxylabs receives the alleged benefit when it sells that access. What the customer later does with the material is a separate question. The alleged enrichment does not depend on later reproduction or distribution. Neither does the alleged competitive advantage.

While Reddit disagrees with the Court's preemption analysis, to the extent that the Court found preemption because the state-law claims before it were, "in essence," claims about copying, with circumvention serving only as the means to that end (Opinion at 55–58), Reddit's claims as to Oxylabs should proceed. The alleged wrong is not merely that Oxylabs helped someone copy Reddit content. It is that Oxylabs sells the access itself, by marketing and providing a service whose value lies in defeating technological barriers that would otherwise block the customer. FAC ¶¶ 79–80, 125, 149. That wrong is complete when Oxylabs sells the circumvention-enabled access. No reproduction, distribution, performance, or display need follow.

In addition, Reddit's unfair-competition and unjust-enrichment claims reach Oxylabs' exploitation of Reddit data whether or not each item of that data is itself a copyrighted work. The DMCA claims, by contrast, apply only to works protected by copyright and only when the statute's other requirements are met. *Id.* ¶¶ 141, 147–49. So the state-law claims may reach categories of Reddit data that the DMCA does not. That difference in scope is another reason the state-law claims are not preempted.[4]

---

[4] Oxylabs' remaining merits arguments as to Reddit's state-law claims largely repeat those already advanced by SerpApi and Perplexity. Reddit previously laid out its arguments for why its unfair competition and unjust enrichment claims should proceed to discovery and will not reargue those points here. Reddit respects the Court's Opinion dismissing those claims and simply notes, for the record, that it makes those same arguments in opposition to Oxylabs' motion.

## CONCLUSION

For the foregoing reasons, Reddit respectfully requests that the Court deny Oxylabs' motion.

Dated: August 21, 2026
New York, New York

Respectfully submitted,

*/s/ William A. Maher*

William A. Maher
Justin T. Zimnoch
**WOLLMUTH MAHER & DEUTSCH LLP**
500 Fifth Avenue
New York, NY 10110
(212) 382-3300
wmaher@wmd-law.com
jzimnoch@wmd-law.com

Reid M. Bolton (*Pro Hac Vice*)
Matthew R. Ford (*Pro Hac Vice*)
**BARTLIT BECK LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
reid.bolton@bartlitbeck.com
matthew.ford@bartlitbeck.com

Giovanni Sanchez (*Pro Hac Vice*)
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
(303) 592-3100
giovanni.sanchez@bartlitbeck.com

*Attorneys for Plaintiff Reddit, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure, I hereby certify that a copy of the foregoing document was filed via the Court's CM/ECF system on August 21, 2026, which will send a notification of such filing to all counsel of record.

*/s/ William A. Maher*
William A. Maher