UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REDDIT, INC.,

Plaintiff,

v.

SERPAPI LLC,
OXYLABS UAB, AWMPROXY, and
PERPLEXITY AI, INC.,

Defendants.

Case No. 25-cv-08736-PAE

Hon. Paul A. Engelmayer, USDJ

**DECLARATION OF NATHAN BARKSDALE IN SUPPORT OF PERPLEXITY AI, INC.'S MOTION FOR AN ORDER AUTHORIZING PROSKAUER ROSE LLP TO APPEAR AS COUNSEL**

I, Nathan Barksdale, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am General Counsel of Perplexity AI, Inc. ("Perplexity"). I submit this declaration in support of Perplexity's Motion for an Order Authorizing Proskauer Rose LLP to Appear as Counsel. Unless otherwise stated, the facts set forth below are based on my personal knowledge. If called as a witness, I could and would testify competently to these facts.

***Perplexity's Initial Selection of Proskauer***

2. Reddit commenced this action against Perplexity and other defendants in October 2025. In my capacity as Perplexity's General Counsel, I was involved in assessing the litigation and selecting counsel to defend the Company.

3. From the outset, Perplexity regarded this as a matter of significant importance. The case seeks to prevent Perplexity from serving its users publicly available material from Reddit's website responsive to users' requests. Perplexity's original raison d'être was to provide its users an "Answer Engine" for material on the public web. The case also seeks statutory damages that, according to Reddit's allegations, could theoretically be calculated in the trillions of dollars.

4. Given those stakes, Perplexity sought counsel with experience not only in complex commercial litigation, but also in the specialized legal and technical issues in this case, including automated access to public information freely placed on the web that companies like Perplexity organize to make searchable.

5. The technical and legal issues presented by scraping disputes are specialized, and few firms have any track record litigating them. Proskauer is one of the few, and it is the only one I am aware of to have achieved courtroom victories for data scrapers.

6. Because access to public data is important to both Perplexity's mission and business, we regularly track and monitor scraping litigations. This includes the decisions Proskauer obtained on behalf of Bright Data in its litigations against Meta Platforms, Inc. and X Corp. *Meta Platforms, Inc. v. Bright Data Ltd.*, 2024 WL 251406 (N.D. Cal. 2024); *X Corp. v. Bright Data Ltd.*, 733 F. Supp. 3d 832 (N.D. Cal. 2024); *X Corp. v. Bright Data Ltd.*, 782 F. Supp. 3d 770 (N.D. Cal. 2025). In these decisions, we saw for the first time real victories on behalf of a data scraper, supporting the notion that public data should be freely accessible to all.

7. Proskauer also had an existing relationship with Perplexity at the time of suit. The firm represented Perplexity in a variety of matters, including various transactions and scraping-related matters. Through those representations, I had become familiar with Proskauer's Scraping Defense Team.

8. Based on its experience representing Perplexity and its public track record in scraping-related litigation, I regarded Proskauer as particularly well qualified to represent Perplexity in this case. Perplexity therefore approached Proskauer shortly after this action was filed and asked the firm to defend Perplexity in late October 2025.

9. Proskauer immediately informed me of a potential conflict. I understood from Proskauer that Reddit was, at that time, a client of the firm in an unrelated matter, and that Proskauer could not accept an engagement adverse to Reddit without Reddit's consent. I further understood that Proskauer sought Reddit's consent to represent Perplexity in this action, Reddit declined to provide that consent, and Proskauer therefore could not represent Perplexity in the litigation due to the then-current conflict.

10. Perplexity accepted Proskauer's decision and retained other counsel.

***Proskauer's Representation of SerpApi in the Google Action***

11. I subsequently became aware that Google had filed, in December 2025, a separate action against SerpApi in the Northern District of California, *Google LLC v. SerpApi, LLC*, No. 4:25-cv-10826-YGR (the "Google Action"), and that SerpApi had retained Proskauer to defend it. The Google Action attracted my attention because it involved similar allegations to Reddit's in this case. Both Reddit in this case and Google in the Google Action are asserting that SerpApi, a co-defendant in this case, circumvented Google's SearchGuard to access copyrighted material in Google search results in violation of Section 1201 of the DMCA.

12. I reviewed the principal motion-to-dismiss briefing filed by Proskauer on SerpApi's behalf in the Google Action. I was impressed by Proskauer's treatment of the technical and legal issues raised by Google's claims.

13. On July 20, 2026, the court in the Google Action granted SerpApi's motion to dismiss Google's original complaint in its entirety. Proskauer's success on its motion to dismiss the Google case reinforced my assessment that Proskauer had unusually relevant experience for this case.

***Perplexity's Renewed Request to Retain Proskauer***

14. Shortly thereafter, on July 31, 2026, this Court largely denied the defendants' motions to dismiss in this action.

15. Following that ruling, I understood that Perplexity would face continued litigation, including discovery, motion practice, and potentially trial, concerning the technical and legal issues underlying Reddit's claims. Having reviewed the briefing and result in the Google Action and this Court's ruling here, I became more convinced that Proskauer's unique experience and strong track record in matters of this type would be valuable in defending this case. Based upon its successes in the Bright Data and SerpApi matters, Proskauer had substantial experience litigating—and winning—scraping and automated-access disputes. Proskauer also has direct, recent experience litigating Section 1201 claims involving SerpApi's alleged interaction with Google Search and SearchGuard. From my perspective, that combination of experience and results made Proskauer particularly well suited to defend Perplexity in this high-stakes matter.

16. In light of this Court's July 31 ruling, as well as my review of the outcome of the Google motion to dismiss, I reached the conclusion that Perplexity's best interests would be served by retaining Proskauer. I therefore approached Proskauer again and asked whether there was any path for Proskauer to accept representation of Perplexity in this matter. Proskauer informed us it would do so, but only with Court approval.

17. I am not aware of another law firm that combines Proskauer's existing familiarity with Perplexity, its track record in scraping litigation, and its recent experience litigating DMCA claims concerning SerpApi and SearchGuard. That combination is an important reason I believe Proskauer is the right choice for Perplexity in this litigation. I believe Perplexity would be materially disadvantaged if it were prevented from retaining Proskauer in this case. Perplexity would lose the benefit of the specific experience, expertise, and track record that caused it to select Proskauer in the first place.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2026, in San Francisco, California.

/s/ *Nathan Barksdale*

Nathan Barksdale
115 Sansome St., 9th Floor
San Francisco, CA 94104
Phone (626) 425 1734
nathan@perplexity.ai

*General Counsel for Perplexity AI, Inc.*