UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REDDIT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SERPAPI LLC, OXYLABS UAB, AWMPROXY, and PERPLEXITY AI, INC.,<br><br>Defendants. | Case No. 25-cv-8736 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PERPLEXITY AI, INC.'S MOTION TO WITHDRAW AS COUNSEL OF RECORD**

## I. INTRODUCTION

Pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York, Keker, Van Nest & Peters LLP ("Keker") respectfully submits this memorandum of law in support of its motion for leave to withdraw as counsel of record for Defendant Perplexity AI, Inc. ("Perplexity"). As set forth below and in the accompanying Affirmation of Eric H. MacMichael, Perplexity has decided to retain Proskauer Rose LLP as counsel in this action and to discharge Keker. Withdrawal is therefore appropriate under Local Civil Rule 1.4 and Rule 1.16(a)(4) of the New York Rules of Professional Conduct.

## II. LEGAL STANDARD

Withdrawal of counsel is governed by Local Civil Rule 1.4. The Rule provides, in relevant part, that "an attorney who has appeared for a party may be relieved or displaced only by order of the court." S.D.N.Y. Local Civ. R. 1.4(b). Such an order may issue upon the filing of a motion to withdraw and "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien." *Id.* A district court has "considerable discretion in deciding a motion for withdrawal of counsel." *Wilson v. Pasquale's Damarino's, Inc.*, No. 10 Civ. 2709 (PGG), 2018 WL 4761574, at *8 (S.D.N.Y. Sept. 30, 2018). In exercising that discretion, courts consider principally "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding*." Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333 (MEA), 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014).

## III. ARGUMENT

### A. Keker Should Be Permitted to Withdraw Because Perplexity Terminated Its Representation.

On August 31, 2026, Perplexity informed Keker that it intended to retain Proskauer Rose LLP as counsel in this action, and that Keker would therefore withdraw. Declaration of Eric. H. MacMichael in Support of Motion to Withdraw as Counsel ¶ 3. Courts in this District have consistently recognized that "a client's discharge of an attorney is a sufficient basis for an

attorney to withdraw as counsel." *Honeedew Investing LLC v. Abadi*, No. 19-CV-8951 (JPC) (VF), 2022 WL 16857354, at *3 (S.D.N.Y. Oct. 3, 2022). Indeed, when a client discharges counsel and terminates the attorney-client relationship, withdrawal is ***required*** under Rule 1.16(a)(4) of the New York Rules of Professional Conduct. *See City Merchandise, Inc. v. Tian Tian Trading Inc.*, No. 19-cv-9649 (MKV), 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021). Withdrawal is therefore proper here.

**B. Withdrawal Will Not Prejudice Perplexity or Disrupt the Proceedings.**

Withdrawal at this stage will not prejudice Perplexity or materially affect the progress of this action. This action remains at an early stage. Discovery has not yet commenced, and the case is not approaching trial. Courts in this District routinely find that withdrawal in such circumstances is unlikely to prejudice the client or materially disrupt the litigation. *See* Order at 5, *Bullock v. Montefiore Med. Ctr.*, No. 25-cv-2825 (KHP) (S.D.N.Y. Jan. 5, 2026), ECF No. 49 (granting withdrawal where "discovery has yet to commence" and withdrawal would not have a particularly significant effect on its timing); *City Merchandise*, 2021 WL 119075, at *2 (explaining that courts generally assess the impact of withdrawal by reference to the status of discovery and that, "[w]here discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found" (citation omitted)). Permitting Keker to withdraw now, before discovery has begun, will allow counsel to transition without prejudicing the parties or disrupting the case.

## IV. CONCLUSION

For the foregoing reasons, Keker respectfully requests that the Court enter an order permitting Keker, Van Nest & Peters LLP and its attorneys to withdraw as counsel of record for Defendant Perplexity AI, Inc.

\\



6373273

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: September 15, 2026

By: */s/ Eric H. MacMichael*

ERIC H. MACMICHAEL *pro hac vice*
EMacMichael@keker.com
SHARIF E. JACOB *pro hac vice*
SJacob@keker.com
BENJAMIN D. ROTHSTEIN
BRothstein@keker.com
CHRISTINA LEE *pro hac vice*
CLee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant PERPLEXITY AI, INC.