**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REDDIT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SERPAPI LLC,<br>OXYLABS UAB, AWMPROXY, and<br>PERPLEXITY AI, INC.,<br><br>Defendants. | Case No. 25-cv-08736-PAE<br><br>Hon. Paul A. Engelmayer, USDJ |

# PROSKAUER ROSE LLP'S MEMORANDUM OF LAW IN SUPPORT OF PERPLEXITY AI, INC.'S MOTION FOR AN ORDER AUTHORIZING PROSKAUER ROSE LLP TO APPEAR AS COUNSEL

# TABLE OF CONTENTS


I. INTRODUCTION. .... 1

II. FACTUAL AND PROCEDURAL BACKGROUND .... 2

A. Proskauer's Prior Representation of Reddit, Waiver Request, and Termination. .... 2

B. Proskauer Represents SerpApi in Google's Separate SearchGuard Action, and Perplexity Approaches Proskauer Anew. .... 6

III. LEGAL STANDARD. .... 7

IV. ARGUMENT. .... 9

A. Proskauer Did Not Commit That It Would Never Represent Perplexity in this Action. .... 9

B. Proskauer's Former Representation of Reddit Does Not Disqualify It From Representing Perplexity. .... 12

1. The Williams Matter and This Action Are Not Substantially Related. .... 12

2. The Proposed Perplexity Team Has Not Had Access to Relevant Reddit Information. .... 17

V. CONCLUSION. .... 20

# TABLE OF AUTHORITIES[1]

**Page(s)**

**CASES**

*Am. Int'l Grp., Inc. v. Bank of Am. Corp.*,
827 F. Supp. 2d 341 (S.D.N.Y. 2011)....................19, 20

*Bd. of Educ. v. Nyquist*,
590 F.2d 1241 (2d Cir. 1979)....................7, 8, 9

*Coggins v. Cnty. of Nassau*,
615 F. Supp. 2d 11 (E.D.N.Y. 2009)....................7

*Denburg v. Parker Chapin Flattau & Klimpl*,
82 N.Y.2d 375 (1993)....................11

*Dumbo Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC*,
No. 22-cv-5138, 2024 WL 3085052 (S.D.N.Y. June 20, 2024)....................19

*Evans v. Artek Sys. Corp.*,
715 F.2d 788 (2d Cir. 1983)....................7, 8, 12, 17

*First NBC Bank v. Murex, LLC*,
259 F. Supp. 3d 38 (S.D.N.Y. 2017) (Engelmayer, J.)....................8

*Giambrone v. Meritplan Ins.*,
117 F. Supp. 3d 259 (E.D.N.Y. 2015)....................12

*Gov't of India v. Cook Indus., Inc.*,
569 F.2d 737 (2d Cir. 1978)....................2, 7, 8, 12

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*,
409 F.3d 127 (2d Cir. 2005).................... passim

*Hickman v. Burlington Bio-Med. Corp.*,
371 F. Supp. 2d 225 (E.D.N.Y. 2005)....................17

*Hubbuch v. J&M Realty Servs. Corp.*,
No. 25-cv-7642, 2026 WL 380709 (S.D.N.Y. Feb. 11, 2026)....................8

[1] Unless otherwise noted, all emphasis added, capitalizations conformed without brackets, and in all internal citations and quotation marks omitted.

*Leslie Dick Worldwide, Ltd. v. Soros*,
No. 08-cv-7900, 2009 WL 2190207 (S.D.N.Y. July 22, 2009) .......... 13

*Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*,
784 F.3d 78 (2d Cir. 2015) .......... 10

*Meta Platforms, Inc. v. Bright Data Ltd.*,
No. 23-cv-00077, 2024 WL 251406 (N.D. Cal. Jan. 23, 2024) .......... 4

*MHR Cap. Partners LP v. Presstek, Inc.*,
12 N.Y.3d 640 (2009) .......... 10

*Murray v. Metro. Life Ins. Co.*,
583 F.3d 173 (2d Cir. 2009) .......... 11

*Network Apps, LLC v. AT&T Mobility LLC*,
598 F. Supp. 3d 118 (S.D.N.Y. 2022) .......... passim

*Nike, Inc. v. Lululemon USA Inc.*,
No. 23-cv-771, 2023 WL 5938942 (S.D.N.Y. May 1, 2023) .......... 19

*Okla. Firefighters Pension & Ret. Sys. v. Musk*,
786 F. Supp. 3d 635 (S.D.N.Y. 2025) .......... 7

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*,
687 F. Supp. 2d 381 (S.D.N.Y. 2010) .......... 12, 17, 18

*Schron v. Troutman Sanders LLP*,
20 N.Y.3d 430 (2013) .......... 10

*Solow v. W.R. Grace & Co.*,
83 N.Y.2d 303 (1994) .......... 11

*U.S. Football League v. Nat'l Football League*,
605 F. Supp. 1448 (S.D.N.Y. 1985) .......... 12

*X Corp. v. Bright Data Ltd.*,
782 F. Supp. 3d 770 (N.D. Cal. 2025) .......... 4

**STATUTES**

17 U.S.C. §§ 101 et seq., Digital Millennium Copyright Act .......... 1, 2, 6, 13

17 U.S.C. § 1201 .......... 6

CAL. CIV. CODE §§ 1798.100 et seq., California Consumer Privacy Act .......... 3, 14, 15, 16

**OTHER AUTHORITIES**

N.Y. RULES OF PRO. CONDUCT R. 5.6 ....................................................................................... 11

# I. INTRODUCTION.

The stakes for Perplexity in this litigation are substantial. Following the Court's denial of Perplexity's motion to dismiss, Perplexity faces discovery, trial, and a damages claim seeking extraordinary monetary relief. Defending this matter requires counsel familiar with the complex technical and legal issues in this matter, such as automated access to publicly available online content, the operation and alleged circumvention of Google's SearchGuard protections, the use of third-party data collection services, and the application of the Digital Millennium Copyright Act ("DMCA") to that conduct. Proskauer has deep and substantial experience with these precise issues. Perplexity has therefore selected Proskauer as its counsel to defend it. The law gives that choice substantial weight, and nothing here justifies overriding it.

Proskauer previously represented Reddit in a Sarbanes-Oxley whistleblower arbitration brought by a former senior director in Reddit's privacy department. That arbitration involved claims of discrimination and retaliation, and Proskauer's work on it began around September 2024. In October 2025, shortly after Reddit commenced this action, Perplexity asked Proskauer to represent it here. Proskauer did what the ethical rules require: it asked Reddit for a waiver allowing it to take on the Perplexity representation. Reddit declined, and Proskauer did not undertake the representation. Later, in November 2025, Proskauer and Reddit entered into an agreement pursuant to which Proskauer withdrew from its representation of Reddit in the whistleblower arbitration.

Reddit has raised two objections to Proskauer's participation here, neither of which has merit. First, Reddit contends that, in the course of the parties' discussions surrounding Proskauer's withdrawal from the whistleblower arbitration, Proskauer agreed it would never represent Perplexity in this matter. The record does not support that contention. The terms of the parties' agreement were clear and did not include any express commitment permanently restricting

Proskauer from representing Perplexity in this action. More fundamentally, even an alleged breach of a collateral agreement concerning withdrawal would not justify disqualification. It presents no threat to the fairness or integrity of this proceeding. Reddit's contrary position would convert an alleged contractual dispute into an indefinite restraint on Proskauer's practice and on Perplexity's ability to choose counsel—an outcome that runs counter to New York's policy protecting lawyer autonomy and clients' freedom to choose counsel.

Second, Reddit has argued that the whistleblower arbitration is substantially related to this case. Under Second Circuit law, the "substantial relationship" standard for disqualification is demanding: the two matters must be "identical" or "essentially the same." *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739-40 (2d Cir. 1978). The two matters must have a "congruence" of material facts. *Network Apps, LLC v. AT&T Mobility LLC*, 598 F. Supp. 3d 118, 129 (S.D.N.Y. 2022). No such showing can be made here. The arbitration concerned a former employee's claims of discrimination and retaliation. This case concerns whether Perplexity's conduct violated the DMCA. The two matters involve different claims, different conduct, different legal issues, and there is no overlap of facts material to the respective claims and defenses.

Disqualification is a drastic remedy, not a vehicle for imposing a collateral practice restriction or depriving a litigant of its chosen counsel without a demonstrated threat to the fairness or integrity of the judicial process. The Court should permit Perplexity to proceed with Proskauer as its chosen counsel.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

### *A. Proskauer's Prior Representation of Reddit, Waiver Request, and Termination.*

Proskauer's relationship with Reddit began in approximately September 2024, when Reddit engaged Lloyd Chinn, a partner in Proskauer's Labor and Employment Department, in connection with a whistleblower arbitration brought by Jutta Williams, Reddit's former Senior

Director for Security, Privacy and Compliance Engineering. Declaration of Kevin J. Perra ("Proskauer GC Decl."), dated September 25, 2026, ¶ 3.

The representation involved defending Reddit against Sarbanes-Oxley whistleblower-retaliation claims brought by Ms. Williams arising from her March 2024 termination by Reddit (the "Williams Matter"). *Id.* ¶ 4 & Ex. A, ¶¶ 52-53, Ex. C ¶¶ 7, 35-53. Ms. Williams filed a complaint with the Occupational Safety and Health Administration ("OSHA") as well as a charge before the Equal Employment Opportunity Commission ("EEOC"). In both instances, Ms. Williams alleged that her termination by Reddit was retaliation for raising "internal concerns about Reddit's illegal and deceptive data privacy practices and regulatory noncompliance." *Id.* Ex. C, ¶ 7. Specifically, Ms. Williams claimed that "Reddit improperly retained personal user data contrary to its public Privacy Policies" and the California Consumer Privacy Act ("CCPA") and sold that data to Amazon Web Services ("AWS"), Google, and OpenAI. *Id.* Ex. C, ¶¶ 17–27 (Williams Matter, OSHA Complaint). Ms. Williams also alleged that Reddit failed to prepare Data Protection Impact Assessments ("DPIAs"), as allegedly required by the General Data Protection Regulation ("GDPR"), a privacy regulation promulgated by the European Union. *Id.* Ex. A, ¶¶ 28–32 (Williams Matter, OSHA Complaint). In connection with her EEOC charge, Ms. Williams brought claims for gender discrimination and retaliation against Reddit with the EEOC. *Id.* Ex. C, ¶ 52 n.2.

Reddit denied that Ms. Williams engaged in protected activity under Sarbanes-Oxley or was retaliated against, and maintained that it terminated her for legitimate, non-retaliatory reasons, including misconduct arising from an investigation into Ms. Williams' potential conflicts of interest. *Id.* Ex. D, at 1. Reddit's conflict-of-interest allegations centered on Ms. Williams's relationship with Saymine, a data-privacy company on whose advisory board she served; her role

in Reddit's purchase of a $49,500 Saymine product; her refusal to answer questions concerning payments from the vendor; and allegedly untruthful or misleading statements to investigators concerning product demonstrations. *Id.* at 1-3. Reddit also denied that it violated its own policies by retaining user data or sold users' data to AWS. *Id.* at 3.

On October 22, 2025, Reddit commenced this litigation against Perplexity, SerpApi, Oxylabs UAB, and AWMProxy. ECF Nos. 1, 55. Perplexity asked Proskauer to represent it shortly after the complaint was filed. Proskauer GC Decl. ¶ 8. Perplexity was well aware of Proskauer's established track record of success in data-scraping engagements. ECF No. 128 ¶¶ 5–6. Specifically, Perplexity was aware that Proskauer has successfully defended multiple data-scrapers, including Bright Data and SerpApi, in significant litigation. *Id*. Proskauer's experience included victories on behalf of Bright Data and SerpApi against Meta and X Corp., the operators of several of the nation's dominant social media platforms. *See Meta Platforms, Inc. v. Bright Data Ltd*., No. 23-cv-00077, 2024 WL 251406 (N.D. Cal. Jan. 23, 2024); *X Corp. v. Bright Data Ltd*., 782 F. Supp. 3d 770 (N.D. Cal. 2025).

When Perplexity first approached Proskauer, Proskauer still represented Reddit in the Williams Matter. Proskauer GC Decl. ¶ 10. On October 31, 2025, in his capacity as Proskauer's General Counsel, Kevin Perra reached out to Sedric Bailey, Reddit's Deputy General Counsel, to request Reddit's consent to waive any concurrent conflict. *Id.* ¶ 11 & Ex. J. Mr. Perra assured Mr. Bailey that the Williams Matter was being handled by attorneys in Proskauer's Labor and Employment Department, while the proposed Perplexity team was in the Litigation Department; that the teams would not overlap; that Proskauer would impose an information barrier; and that Proskauer already had restricted the Williams Matter documents to the specific timekeepers working on that matter, subject to necessary access by appropriate information-technology

personnel. *Id.* Mr. Perra also offered to discuss any additional safeguards Reddit might desire. *Id*. Notwithstanding these protections, Reddit declined to waive the conflict. *Id*. ¶ 12 & Ex. J.

Proskauer respected Reddit's decision, and informed Perplexity that Proskauer could not represent it in connection with this matter. *Id.* ¶ 15. However, as Proskauer explained to Reddit at the time, Reddit's decision forced Proskauer to reevaluate its relationship with Proskauer going forward. *Id.* ¶ 12 & Ex. J. Proskauer reassessed whether it could continue the Williams Matter representation while preserving its ability to continue to serve its clients in matters involving web scraping and related online-access issues. Proskauer determined it should not continue an engagement that was incompatible with the firm's practice and client work. *Id.* ¶ 13. Accordingly, Proskauer decided to end its relationship with Reddit and facilitate an orderly transition to successor counsel. *Id.* ¶ 14.

On November 5, 2025, Proskauer notified Reddit that it would withdraw as counsel for Reddit in the Williams Matter. *Id.* ¶ 15. Proskauer further informed Reddit on November 8, 2025, that Proskauer "does not intend to represent Perplexity in the [Reddit/Perplexity] litigation" (*id.* Ex. K, at 9), and similarly, on November 22, 2025, that Proskauer had "already made the decision that it would not represent Perplexity." *Id.* at 7.

Reddit and Proskauer thereafter negotiated and reached agreement on the terms for Proskauer's withdrawal from the Williams Matter, as summarized in a November 26, 2025 email exchange between Mr. Perra and Mr. Bailey. *Id.* ¶ 15 & Ex. K, at 1. Pursuant to the parties' agreement, Reddit consented to Proskauer's withdrawal as counsel, and Proskauer agreed to work with Reddit for eight weeks to complete outstanding issues and transition the case to new counsel. *Id.* Proskauer did not bill Reddit for any of its transition work and agreed to provide Reddit a

$250,000 fee credit. *Id*. Proskauer continued to perform the work required by that agreed transition through January 21, 2026, when its representation of Reddit formally ended. *Id*.

***B. Proskauer Represents SerpApi in Google's Separate SearchGuard Action, and Perplexity Approaches Proskauer Anew.***

On December 19, 2025, Google commenced a separate action against SerpApi in the Northern District of California. *Google LLC v. SerpApi, LLC*, No. 25-cv-10826 (N.D. Cal. filed Dec. 19, 2025) ("Google"). Google alleged that SerpApi had circumvented SearchGuard—the same Google technology implicated by Reddit's allegations in this litigation—to obtain Google search results at scale. *Google*, ECF Nos. 1, 45. Google asserted claims under §§ 1201(a)(1)(A) and 1201(a)(2) of the DMCA, the same two DMCA provisions Reddit invokes in this action. *Id*.

SerpApi retained Proskauer to defend the Google action, and Proskauer appeared in that action on January 21, 2026. *Google*, ECF Nos. 15, 16. On July 20, 2026, Judge Yvonne Gonzalez Rogers granted Proskauer's Motion to Dismiss, allowing Google leave to amend, which it did on August 10, 2026. *Id*., ECF Nos. 42, 45.

Meanwhile, in this case, Perplexity and SerpApi moved to dismiss on March 13, 2026, and on July 31, 2026, the Court "predominantly denie[d]" those motions. ECF No. 104 at 2, 62. That decision left Perplexity facing significant stakes: Reddit seeks actual damages and profits or, alternatively, statutory damages of up to $2,500 for each alleged violation—suggesting claimed damages in excess of $200 trillion per year. First Am. Compl. ¶¶ 85, 118–20, ECF No. 55 (alleging other non-Perplexity defendants accessed Reddit content in Google search results over 3.1 billion times in two weeks).

After witnessing Proskauer's success in the Google case, and facing significant additional litigation here, Perplexity approached Proskauer anew. ECF No. 128 ¶¶ 15–16; ECF No. 129 ¶ 14. Perplexity did so because it valued the expertise of Proskauer's data-scraping litigation team

and wanted that team representing it here. ECF No. 128 ¶¶ 16–17. Given Reddit is no longer a client of Proskauer, upon consideration, Proskauer determined that it was willing to undertake representation of Perplexity. Proskauer GC Decl. ¶ 19.

On September 1, 2026, Proskauer sent Reddit a letter informing it of Proskauer's intention to represent Perplexity in this matter. *Id.* ¶ 19 & Ex. N. Reddit informed Proskauer that it objected to Proskauer's representation of Perplexity because, according to Reddit, Proskauer had allegedly agreed not to represent Perplexity as part of the condition of Proskauer's withdrawal. *Id.* ¶ 19 & Ex. O.

## III. LEGAL STANDARD.

Federal courts' inherent authority to regulate the lawyers who practice before them includes the discretion to resolve a concrete conflict issue before the proposed representation begins. *See Okla. Firefighters Pension & Ret. Sys. v. Musk*, 786 F. Supp. 3d 635, 646 (S.D.N.Y. 2025) (granting motion to approve "conflict screening procedures" before a potentially conflicted attorney was hired); *Coggins v. Cnty. of Nassau*, 615 F. Supp. 2d 11, 21 (E.D.N.Y. 2009) (entertaining a motion for a declaratory judgment on a proposed joint representation where "[t]he Court's decision on this matter will undoubtedly affect the parties' representation by specific counsel, [and] will have a concrete effect that is neither hypothetical nor advisory in nature"); *see also, e.g.*, *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) ("The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979))).

In considering disqualification of counsel, courts balance "a client's right freely to choose his counsel" against "the need to maintain the highest standards of the profession." *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983) (quoting *Gov't of India*, 569 F.2d at 739).

Disqualification is "disfavored and subject to a high standard of proof," because, among other things, it "impinges on a party's right to employ the counsel of its choice [and] interfere[s] with the attorney-client relationship." *Network Apps*, 598 F. Supp. 3d at 127 (citing *First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 56 (S.D.N.Y. 2017) (Engelmayer, J.)); *Hubbuch v. J&M Realty Servs. Corp.*, No. 25-cv-7642, 2026 WL 380709, at *4 (S.D.N.Y. Feb. 11, 2026) ("Parties seeking disqualification must meet a heavy burden of proof in order to prevail" (citation and internal quotation marks omitted)); *Evans*, 715 F.2d at 791 ("[T]here is a particularly trenchant reason for requiring a high standard of proof on the part of one who seeks to disqualify his former counsel, for in disqualification matters [the court] must be solicitous of a client's right freely to choose [their] counsel." (quoting *Gov't of India*, 569 F.2d at 739)).

Where, as here, a former client seeks to preclude their former counsel from representing their adversary in a matter, counsel may be disqualified only if there is "a substantial relationship between the subject matter of the counsel's prior representation … and the issues in the present lawsuit" and "the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." *Id.*; *Hempstead Video, Inc.*, 409 F.3d at 133. The party seeking disqualification bears a "high standard of proof" because courts must balance the protection of former-client confidences against "a client's right freely to choose his counsel." *Evans*, 715 F.2d at 791 (citing *Gov't of India*, 569 F.2d at 739).

In the end, disqualification is warranted only where "an attorney's conduct tends to taint the underlying trial." *Hempstead Video, Inc.*, 409 F.3d at 132 (quoting *Nyquist*, 590 F.2d at 1246); *see also Hubbuch*, 2026 WL 380709, at *4 (same). Where "there is no claim that the trial will be

tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order except in the rarest cases." *Nyquist*, 590 F.2d at 1247.

## IV. ARGUMENT.

### *A. Proskauer Did Not Commit That It Would Never Represent Perplexity in this Action.*

Reddit's apparent contention is that Proskauer agreed it would never represent Perplexity in this matter. Reddit's argument rests on a commitment Proskauer never made. On November 26, 2025, Mr. Perra wrote that Proskauer was "prepared to forego filing [its withdrawal] motion if Reddit is agreeable to the following proposal," and set out seven numbered terms: (1) Reddit's consent to Proskauer's withdrawal no later than January 21, 2026; (2) Proskauer's continued work for up to eight weeks to complete outstanding matters and transition the case; (3) the parties' obligation to cooperate in good faith and permit an earlier withdrawal if the transition was completed sooner; (4) Reddit's obligation to retain successor counsel diligently; (5) Proskauer's agreement not to bill for transition work and to provide a $250,000 fee credit; (6) Reddit's payment of the remaining fees due, subject to that credit; and (7) Reddit's payment of costs and disbursements. Proskauer GC Decl. Ex. K, at 1. Mr. Perra asked Reddit to "confirm by email that this is acceptable. *Id.* Mr. Bailey replied: "Thanks, Kevin. This is acceptable to us." *Id*. That exchange is the parties' agreement on the terms of withdrawal.

Reddit instead relies on two email statements from Mr. Perra in the course of the parties' withdrawal discussions. Mr. Perra wrote that Proskauer already "made the decision that it would not represent Perplexity" in the Reddit litigation and that it "does not intend to represent Perplexity in" this litigation. *Id.* Ex. K, at 7, 9. Both statements were accurate when made. Perplexity had asked Proskauer to represent it, and Proskauer declined. When Mr. Perra made those statements, Proskauer had already declined Perplexity's request for representation and had no plan to solicit

or pursue the engagement. *Id.* ¶ 16. Mr. Perra was reporting that present decision; he was not making a commitment, much less an indefinite one, as part of the parties' subsequently agreed upon withdrawal terms.

Proskauer acted consistently with Mr. Perra's statements. Proskauer did not represent or advise Perplexity in this litigation while Reddit remained its client. It continued representing Reddit through the agreed transition period, and that representation ended on January 21, 2026. *Id.* ¶¶ 15-17. Months later—after Proskauer had obtained a significant result in Google's separate SearchGuard litigation, this Court had largely denied Perplexity's motion to dismiss, and Perplexity had approached Proskauer anew—did Proskauer reconsider whether to accept the engagement. Kass Decl. ¶ 14; Perplexity GC Decl. ¶¶ 13-16. By then, Reddit was a former client and the circumstances underlying Proskauer's earlier decision had materially changed.

Reddit now asks the Court to turn Mr. Perra's statements of present intent into a permanent bar on Proskauer's representation of Perplexity in this suit. But Reddit never requested that permanent bar, never bargained for it, and never asked to include it in the agreement it accepted. If Reddit wanted Proskauer to commit to ***never*** representing Perplexity in this case, it could have proposed it. It did not. *See, e.g.*, *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436 (2013) ("As a general rule, extrinsic evidence is inadmissible to alter or add a provision to a written agreement."); *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, 784 F.3d 78, 87 (2d Cir. 2015) ("a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself" (quoting *MHR Cap. Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 645 (2009)).

In any event, the Court need not resolve any alleged collateral contractual obligation to deny disqualification here. A federal court's disqualification authority exists to "preserve the

integrity of the adversary process," and disqualification is warranted only where counsel's conduct "tends to taint the underlying trial." *Hempstead Video, Inc.*, 409 F.3d at 132 (citations omitted); *see also Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178–79 (2d Cir. 2009) (explaining that the "ultimate reason" for disqualification is preventing "harm to the integrity of the judicial system"). An alleged broken commitment about whether Proskauer would later represent Perplexity in this matter in no way threatens the integrity of this proceeding. The alleged commitment has no bearing on the merits of Reddit's claims, the evidence to be presented, Proskauer's possession or use of relevant confidences, or the fairness of the proceedings. Further, the burden of the disqualification remedy Reddit seeks would fall on Perplexity, which was not a party to the withdrawal agreement. If Reddit believes Proskauer broke a promise, that dispute is with Proskauer; it supplies no basis for depriving Perplexity of its chosen counsel.

Reddit's position would convert Mr. Perra's statement into an indefinite restriction on Proskauer's practice—precisely the type of restraint New York policy disfavors. Rule 5.6 protects lawyer autonomy and client choice by prohibiting certain practice restrictions. N.Y. RULES OF PRO. CONDUCT R. 5.6(a). The Court of Appeals likewise has invalidated restraints that "functionally and realistically discourage" a lawyer from representing a willing client, *Denburg v. Parker Chapin Flattau & Klimpl*, 82 N.Y.2d 375, 380–82 (1993), and warned that disqualification carries substantial costs "to current clients, to the public-at-large and to the legal profession," *Solow v. W.R. Grace & Co.*, 83 N.Y.2d 303, 309 (1994). That policy strongly counsels against inferring from Mr. Perra's statements of present intent a perpetual restriction that the parties omitted from their agreed upon terms.

### *B. Proskauer's Former Representation of Reddit Does Not Disqualify It From Representing Perplexity.*

In the Second Circuit, a firm may be disqualified in a successive-representation case only if: (1) the moving party was formerly a client of the adverse party's counsel; (2) the prior representation is substantially related to the issues in the present litigation; and (3) the attorney whose disqualification is sought had access, or was likely to have had access, to relevant privileged information during the prior representation. *Evans*, 715 F.2d at 791. Reddit cannot satisfy the second or third factors. The Williams Matter is not substantially related to this action. Nor did Proskauer obtain privileged information relevant to this action during that representation. In any event, no member of the proposed Perplexity team worked on the Williams Matter or had access to its files, and Proskauer has implemented an ethical screen to ensure that remains so.

#### *1. The Williams Matter and This Action Are Not Substantially Related.*

The substantial-relationship requirement imposes a demanding, fact-specific standard. The relationship between the prior and current matters must be "patently clear," and the issues must be "identical" or "essentially the same." *Gov't of India*, 569 F.2d at 739–40; *Network Apps*, 598 F. Supp. 3d at 129. The touchstone is "congruence" of material facts—not merely a shared client, or a common general background, industry, or area of law. *See U.S. Football League v. Nat'l Football League*, 605 F. Supp. 1448, 1460 n.26 (S.D.N.Y. 1985) ("It is the congruence of factual matters, rather than areas of law, that establishes a substantial relationship between representations for disqualification purposes."); *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc*., 687 F. Supp. 2d 381, 392 (S.D.N.Y. 2010). General or thematic similarities between two actions likewise do not suffice. *Network Apps*, 598 F. Supp. 3d at 131 (generic overlap involving "SMS messaging," "provisioning," and "call interception" did not establish a substantial relationship between cases involving different patents and products); *Giambrone v. Meritplan Ins.*, 117 F. Supp. 3d 259, 273–

74 (E.D.N.Y. 2015) (that separate insurance matters were "Sandy-related" did not make them substantially related where the material facts differed); *Leslie Dick Worldwide, Ltd. v. Soros*, No. 08-cv-7900, 2009 WL 2190207, at *9–10 (S.D.N.Y. July 22, 2009) (a shared factual background did not establish substantial relatedness where the issues presented in the two actions were distinct).

Reddit cannot meet this "substantially related" standard. The matters do not arise from the same transaction or legal dispute, and the confidential factual information obtained in defending the Williams Matter could not materially advance Perplexity's position here.

This action concerns highly technical allegations that Perplexity, directly or through third-party scraping services, circumvented technological measures controlling automated access to copyrighted Reddit content appearing in Google search results. *See generally* First Am. Compl., ECF No. 55. Reddit's claims will turn on evidence concerning the design and operation of Google's SearchGuard technology and any other relevant protection measures; whether and how Perplexity or the scraping-service defendants bypassed those measures; whether the alleged conduct can be attributed to Perplexity; Perplexity's knowledge, authorization, and purpose; the nature and volume of the Reddit content obtained; the relationships among Perplexity and the scraping-service defendants; and the resulting benefit to Perplexity and injury to Reddit. *See id*. The case will also require application of the DMCA to those technical and defendant-specific facts. *See id*.[2]

The Williams Matter arose from an entirely different factual nucleus. Ms. Williams asserted a Sarbanes-Oxley whistleblower-retaliation claim arising from her March 2024

[2] Proskauer has, to date, not appeared on Perplexity's behalf in this litigation. This description of Reddit's claims and Perplexity's defenses is, accordingly, the Firm's understanding based upon its reading of Reddit's First Amended Complaint.

termination. Proskauer GC Decl. Ex. C, ¶¶ 1–7; Ex. A, ¶¶ 1–5, 50–52. She alleged that Reddit retaliated against her for raising internal concerns regarding Reddit's retention and sale of user data, compliance with its public privacy policies and the CCPA, transfer of allegedly retained data to third parties, compliance with the GDPR's Data Protection Impact Assessment ("DPIA") requirements, and disclosure of those asserted risks in connection with Reddit's initial public offering. *Id.* Ex. C, ¶¶ 8–29; Ex. A, ¶¶ 16–36. Reddit denied those allegations, maintaining, among other things, that it has not impermissibly retained user data or sold user data to AWS, and that Ms. Williams simply disagreed with Reddit's legal team's determinations as to when DPIAs must be prepared, and refused to accept Reddit's determination that its legal team, rather than Ms. Williams, should be empowered to make that determination. *Id.* Ex. D, at 1–3.

Adjudicating Ms. Williams's claims thus required determining whether she engaged in protected activity, whether the relevant Reddit decisionmakers knew of that activity, whether the activity contributed to her termination, and whether Reddit would have terminated her absent the alleged protected activity. Reddit maintained that it terminated Ms. Williams for legitimate reasons arising from her conduct during an investigation into violations of Reddit's conflict-of-interest and vendor-onboarding policies, including her failure to cooperate in those investigations. Those investigations concerned, among other things, Ms. Williams's relationship with a data-privacy company on whose advisory board she served; her role in Reddit's purchase of a $49,500 product from that company; and the accuracy and completeness of her responses to investigators. *Id.* Ex. D, at 1–3, 7–8; Ex. B, at 1–3, 23–25. The Williams Matter therefore turned on Ms. Williams's internal reports, her relationship with the data privacy company, Reddit's conflict-of-interest and vendor-onboarding procedures, the investigations of her conduct, the knowledge and motives of the Reddit decisionmakers, and the reasons for her termination.

The discovery in the Williams Matter confirms how far apart the two matters are. None of Ms. William's 26 corporate representative deposition topics or 37 requests for admission addressed any operative fact in this action. *Id.* Ex. G, at 4–6; Ex. I, at 5–8. None concerned SearchGuard, automated Google queries, bot-detection systems, CAPTCHAs, proxy or IP rotation, the attribution of search requests, relationships with data-collection services, or any technique allegedly used to bypass a technological access control. *See id*.

Much of that discovery had nothing to do with data at all. It principally concerned Reddit's own internal privacy policies, including the storage, retention, and deletion of IP addresses and account information; the use of "T2 numbers" and a "safety" table; plans to purge retained user data; compliance with the CCPA and GDPR; and the preparation of DPIAs. *Id*. Ex. G, at 4–6 (Topics 2–10, 16, 26); Ex. I, at 5–8 (Requests 4–17, 33–35). Reddit's responses further underscore that framing: Reddit admitted the relevant wording of its privacy policies concerning deletion of IP addresses and disassociation of deleted accounts, and denied Ms. Williams's allegations concerning improper retention, disclosure of retained data, CCPA violations, and failures to prepare GDPR-required DPIAs. *Id*. Ex. L, at 6–8, 12 (Responses 11–17, 33–34).

The discovery concerning Reddit's arrangements with AWS, Google, and OpenAI does not change the analysis. Those requests asked whether Reddit's own disclosure or licensing of user data complied with its privacy representations and applicable privacy laws. *Id.* Ex. G, at 4 (Topics 7-9). The deposition notice sought testimony about agreements involving the "use or processing of Reddit user data," the steps taken to evaluate CCPA compliance in connection with those agreements, and the financial or nonfinancial benefits Reddit received from them. *Id*. Ex. G, at 4–5 (Topics 7–10). Reddit's position was that its content-licensing agreements with Google and OpenAI encompassed only publicly available content and excluded deleted posts, deleted

comments, and nonpublic account information. *Id*. Ex. B, at 6–8. Thus, even when data licensing came up in the Williams Matter, the question was what Reddit itself retained or affirmatively disclosed, whether that data included personal or supposedly deleted information, and whether Reddit's conduct complied with the CCPA, the GDPR, and its own privacy policies.

This action focuses on a different question: whether an outside party obtained publicly available content by circumventing certain controls. *See generally* First Am. Compl., ECF No. 55. Specifically, the issues here will involve evidence concerning the design and operation of Google's SearchGuard technology, whether SearchGuard effectively controlled access to copyrighted Reddit content, whether and how Perplexity or a scraping provider circumvented it, which entities submitted the relevant queries, the nature and volume of the content obtained, and the resulting benefit and injury. *Id*.[3] None of the Williams Matter discovery addressed those systems, conduct, actors, or events.

The only apparent overlap between those issues and the Williams Matter is that both matters involve Reddit data. That overlap is semantic, not factual. The Williams Matter concerned Reddit's internal retention and deletion of personal user information, its voluntary disclosure or licensing of data to contractual counterparties, its compliance with privacy laws and policies, and its reasons for terminating an employee who allegedly reported violations. This action concerns Defendants' alleged unauthorized acquisition of publicly available copyrighted content through the circumvention of a third party's technological controls. The two matters involve different data, conduct, technologies, actors, legal duties, and evidence. That both can be described at a high

[3] As explained in footnote 2 above, this description is solely the Firm's understanding based upon its reading of Reddit's First Amended Complaint.

level as involving "data," "privacy," or "access" shows, at most, a general or thematic similarity—not the congruence of material operative facts required to establish a substantial relationship.

Courts have denied disqualification on substantially closer facts. In *Network Apps*, the challenged attorneys had represented AT&T in dozens of patent cases and performed thousands of hours of work involving related telecommunications concepts. The court still found no substantial relationship because the prior matters did not involve the *particular* patent, product, or operative facts at issue in the later action. 598 F. Supp. 3d at 130–32. Likewise, *Revise Clothing* found no substantial relationship between two trademark actions because the marks, products, and underlying facts differed, notwithstanding the shared client and field of law. 687 F. Supp. 2d at 392–94. Where, as here, the prior representation did not have "anything whatever to do with" the facts underlying the later action, the case for disqualification is even weaker. *Hickman v. Burlington Bio-Med. Corp.*, 371 F. Supp. 2d 225, 230–31 (E.D.N.Y. 2005).

### 2. *The Proposed Perplexity Team Has Not Had Access to Relevant Reddit Information.*

The final *Evans* factor asks whether the attorneys whose disqualification is sought "had access to, or [were] likely to have had access to, relevant privileged information" during the prior representation. *Evans*, 715 F.2d at 791 (2d Cir. 1983). Where no substantial relationship exists, there is no presumption of relevant shared confidences. *Network Apps*, 598 F. Supp. 3d at 133 ("While a showing of a substantial relationship between the cases entitles the moving party to a presumption that 'confidences were shared,' a moving party that is unable to make such a showing can demonstrate instead that its former attorneys actually received confidential information that may now be used against it." (citation omitted)). Reddit must instead demonstrate that Proskauer actually received confidential information during the Williams Matter that may now be used against it in this litigation. Reddit cannot make that showing.

*Revise Clothing* is instructive. There, the law firm indisputably received privileged communications during its former representation, but the court denied disqualification because the law firm had received no relevant confidential information beyond generalized knowledge of the client's business. 687 F. Supp. 2d at 395–96. The same is true here. Proskauer received privileged information from Reddit, but for the reasons stated above, that information is not relevant to this matter. *Cf. Network Apps*, 598 F. Supp. 3d at 136 ("[I]f insight into a former client's general 'litigation thinking' were to constitute 'relevant privileged information,' then disqualification would be mandated in virtually every instance of successive representation." (citations omitted)).

Even if the Court were to find that the attorneys who handled the Williams Matter received information relevant to this action, the proposed Perplexity team has not had, and will not have, access to any such information. Proskauer GC Decl. ¶¶ 10–11, 19. The presumption that client confidences should be imputed to other lawyers at the firm is rebuttable, on "convincing facts," either an intentionally constructed informational limitation or *de facto* separation that effectively prevents the sharing of confidential information can protect against disqualification. *Hempstead Video, Inc.*, 409 F.3d at 133, 138.

Those convincing facts are present here. Proskauer restricted access to its Reddit client files on October 28, 2025, well before undertaking any representation or substantive work adverse to Reddit, and that access limitation has remained continuously in effect. Proskauer GC Decl. ¶ 10. That access limitation means that access to electronic and physical files related to the Williams Matter was strictly limited to only the lawyers and support personnel working on the Williams Matter. *Id.* Moreover, the attorneys who handled the Williams Matter are entirely separate from the proposed Perplexity team and will, of course, have no role in this litigation. *Id.* ¶¶ 10–11, 19. They also have not received or reviewed any Reddit confidential information. Kass Decl. ¶ 5.

Courts in this District repeatedly have found comparable safeguards sufficient to rebut firm-wide imputation. In *Nike, Inc. v. Lululemon USA Inc.*, the court held that an ethical wall, supported by a declaration denying involvement with the patents and technology at issue, rebutted the presumption of firm-wide sharing and eliminated any meaningful risk of trial taint. No. 23-cv-771, 2023 WL 5938942, at *2 (S.D.N.Y. May 1, 2023). *American International Group, Inc. v. Bank of America Corp*. likewise relied on attorney declarations, physical and electronic separation, an audit of document access, and the firm's size in concluding that the presumption had been rebutted. 827 F. Supp. 2d 341, 346–47 (S.D.N.Y. 2011). And *Dumbo Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC* held that an ethical wall restricting electronic and physical access, together with attorney declarations and an electronic audit, successfully rebutted the imputation of access—even though the wall was not erected until months after the potentially conflicted attorney joined the firm. No. 22-cv-5138, 2024 WL 3085052, at *3–4 (S.D.N.Y. June 20, 2024). Proskauer's safeguards are stronger still: the limitation was established at the first Perplexity inquiry, months before Perplexity renewed its request that Proskauer undertake this representation and before the proposed Perplexity team will perform any substantive work adverse to Reddit.

What is more, Proskauer's access limitation reinforced a separation that already existed—and that *de facto* separation can itself rebut any inference that Reddit's confidences were shared before the formal access restrictions were established. The Second Circuit has expressly recognized that, "in appropriate cases and on convincing facts," isolation may arise either "from the intentional construction of a 'Chinese Wall,' or from *de facto* separation that effectively protects against any sharing of confidential information." *Hempstead Video, Inc.*, 409 F.3d at 138. Applying that rule, *American International Group, Inc.* found the presumption rebutted based in

part on the attorneys' pre-screen *de facto* separation, supported by declarations establishing that no confidences had been shared. 827 F. Supp. 2d at 346–47.

The Williams Matter was handled exclusively by attorneys in Proskauer's Labor and Employment Department, a practice group entirely separate from the scraping-litigation attorneys whom Perplexity seeks to retain, all of whom sit in the Firm's Litigation Department. Proskauer GC Decl. ¶¶ 10-11. No member of the proposed Perplexity team worked on the Williams Matter or received or reviewed any Reddit confidential information. Kass Decl. ¶ 5. That *de facto* separation, coupled with the access limitations Proskauer has long imposed, are more than sufficient protection to permit Proskauer's representation of Perplexity in this matter to proceed. *Id.*

## V. CONCLUSION.

For the foregoing reasons, the Court should grant Perplexity's Motion Authorizing Proskauer Rose LLP to appear as counsel.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Kevin Perra*
**PROSKAUER ROSE LLP**
Kevin J. Perra
Partner and General Counsel
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3454
Email: kperra@proskauer.com

*Counsel for Non-Party Proskauer Rose LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I caused a true and correct copy of the foregoing and supporting documents to be served on Reddit's counsel.

*/s Kevin Perra*
Kevin Perra