Proskauer

Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

October 20, 2026

Kevin J. Perra
Member of the Firm
d +1-212-969-3454
f +1-212-969-2900
kperra@proskauer.com
www.proskauer.com

***Via ECF***

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Reddit, Inc. v. SerpApi LLC,* 1:25-cv-08736-PAE (S.D.N.Y.)
*Request for Clarification of the Court's October 19, 2026 Order (ECF 173)*

Dear Judge Engelmayer,

Proskauer Rose LLP ("Proskauer" or the "Firm") respectfully requests clarification of the Court's October 19th (ECF 173) and October 20th Orders (ECF 175) concerning production of Perplexity-related communications and material. Proskauer is prepared to comply with the Order and has already taken steps to do so. However, given both the breadth of the materials potentially encompassed by the Order and privilege considerations, Proskauer seeks guidance concerning the scope of the submission and the treatment of privileged materials.

The October 19th Order, as modified by the October 20th Order, calls for production of two categories of documents: 1) communications with Perplexity "concerning, or referring or relating in any way to, a representation, or a possible future representation, by Proskauer of Perplexity, **in this action (No. 25 Civ. 08736) or any action involving or potentially involving Reddit**"; and 2) internal Proskauer records or communications regarding Perplexity "concerning, or referring or relating in any way to, a representation, or a possible future representation, by Proskauer of Perplexity, **in this action (No. 25 Civ. 08736) or any action involving or potentially involving Reddit**."

Proskauer greatly appreciates the Court's clarification of the scope of the submission, as set forth in the October 20th Order. Nevertheless, Proskauer writes separately to address additional concerns arising from the Court's request for internal Proskauer communications.

Proskauer's General Counsel's Office (the "GCO"), acting as counsel to the Firm, worked closely in advising Firm management and partners, as the client, with respect to potential representation of Perplexity in this action. That work included, among other things, providing legal advice and creating work product related to ethical issues and obligations, legal research, draft communications, and related material. Such advice was provided both in October 2025

Proskauer



concerning Proskauer's withdrawal and again more recently in connection with Perplexity's request to engage Proskauer in this action.

A broad reading of the Orders would encompass all of this material. It would also include internal case and matter files, drafts of the briefs and other papers now before the Court, as well as communications concerning those drafts, legal research, and legal strategy. These materials are more voluminous, and distinct from, the underlying communications concerning whether and when Proskauer would represent Perplexity in this matter. Much of this material appears to have little, if any, bearing on the dispute, while implicating substantial attorney-client privilege and work product concerns. That is particularly so with respect to the communications relating to the drafting, preparation, and finalizing of the papers filed in connection with the motion. Before collecting and submitting this material, Proskauer seeks clarification as to whether the Court intends the Order to encompass legal advice communicated by the GCO to the Firm on the potential Perplexity representation, as well as communications relating to legal work in preparing the submissions now before the Court.

* * *

Accordingly, Proskauer respectfully requests that the Court:

(1) clarify whether the submission should include (a) communications providing privileged advice by the GCO to the Firm, and (b) communications relating to drafts, research, strategy, and other legal work performed in connection with the motion papers now before the Court; and

(2) confirm that the submission of this material, if required, will be reviewed *in camera* and *ex parte* and that the submission pursuant to the Order will not be deemed a waiver of attorney-client privilege or work-product protection.

Proskauer thanks the Court for its time and consideration and remain available to address any questions.

Respectfully submitted,

Kevin J. Perra
Member of the Firm